■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. PERRON, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered August 25, 1989, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), assault in the first degree and assault in the second degree.

Defendant first argues that the evidence produced at trial was insufficient to support his conviction for attempted murder in the second degree. It is urged that the element of intent was not proven and that the verdict was against the weight of evidence. Viewing the evidence in the light most favorable to the People and giving them the benefit of each reasonable inference drawn, as we must *(People v Marin,* 65 NY2d 741, 742), we conclude that there was sufficient evidence to support the conviction. The victim testified that defendant, after raping and sodomizing her in a wooded area outside the tavern where they met, stated, "I'm not going to let you go back there. I'm not going to let you tell them," and thereafter

strangled her into unconsciousness. This threat, simultaneous to the attack, evidenced a desire to kill the victim. Kathryn O'Keeffe, the physician who examined the victim after the event, testified that the pressure applied to the victim's windpipe, which cut off her oxygen supply, was significant in time and quantity as to be "life threatening". The evidence was sufficient to support the jury verdict that defendant acted with requisite intent. The verdict should also not be disturbed unless clearly against the weight of evidence *(People v Bigelow,* 106 AD2d 448). We find the verdict to be supported by the weight of evidence.

Defendant's challenge to his conviction of assault in the first degree is also without merit. Defendant contends that there was no proof of the requisite element of serious physical injury to sustain the conviction. We disagree. O'Keeffe's testimony established that the victim's injuries created a substantial risk of death. The doctor opined, based on severe bruises on the victim's neck, that she was choked to an extent sufficient to cause unconsciousness and that "it's just a matter of minutes between someone whose going to be unconscious to someone who's going to be dead". This testimony, coupled with the victim's testimony that she became unconscious, suffered weakness and paralysis of her limbs, if believed, provided a sufficient basis for the jury to conclude that defendant's actions created substantial risk of death *(see, People v Griffin,* 100 AD2d 659). Thus, the conviction for assault in the first degree is in accordance with the testimony presented.

Finally, defendant contends that the failure of the prosecution to turn over the report of Officer Michael Kelleher in response to a *Rosario* demand was reversible error and that defendant's motion for a mistrial was improperly denied. The material involved was a compilation of statements already turned over to defendant as well as a list of clothing items sent to the lab. We concur that the material constituted *Rosario* material *(see, People v Rosario,* 9 NY2d 286, 290, *cert denied* 368 US 866). Inasmuch as defense counsel, though belatedly given the material, was able to use it in cross-examination, we find no substantial prejudice to have occurred and conclude that reversal is not warranted *(see, People v Ranghelle,* 69 NY2d 56, 63; *see also, People v Martinez,* 71 NY2d 937, 940; *People v Jiminez,* 157 AD2d 575, 576).

Judgment affirmed. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.