■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON V. WEST, Appellant. [680 NYS2d 99] —Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Dolan, J.), rendered June 25, 1997, revoking a sentence of probation previously imposed by the same court (Berry, J.), as amended by the same court (Marlow, J.), upon a finding that he had violated a condition thereof, after submission of a stipulation of facts in lieu of a hearing, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, the County Court Judge who found that the defendant had violated the conditions of his probation for a third time and who revoked the defendant's probation and imposed a sentence of imprisonment was not obligated to recuse himself from the matter pursuant to Judiciary Law § 14. The mere fact that the Judge had been employed by the District Attorney's Office some five years earlier, at the time that the defendant was being prosecuted for the underlying offense, did not warrant recusal, especially since the Judge indicated that he did not know or recognize the defendant and had no familiarity with the previous prosecution (see, People v Moreno, 70 NY2d 403; People v Smith, 63 NY2d 41, cert denied 469 US 1227; People v Rosato, 193 AD2d 1052; People v Jones, 143 AD2d 465; People v Peterson, 126 AD2d 680).

The special condition of probation at issue in this case was sufficiently clear and specific to afford the defendant fair notice of the proscribed conduct (see, People v Howland, 108 AD2d 1019; see generally, People v Cruz, 48 NY2d 419; People v Miller, 106 AD2d 787). Similarly, the proof set forth in the parties' stipulation of facts was adequate to support, by a preponderance of the evidence (see, CPL 410.70 [3]; People v Ramos, 232 AD2d 433), the court's determination that the defendant violated the conditions of his probation while he was awaiting resentencing for a prior violation. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.