■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT ROMAN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [700 NYS2d 695] —Judgment, Supreme Court, Bronx County (Burton Hecht, J.), entered on or about August 5, 1996, unanimously affirmed, without costs.

Application by appellant's counsel to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833; Matter of Louise Wise Servs., 131 AD2d 306). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.

■ MOVIEFONE, INC., Respondent, v PACER/CATS/CCS, Appellant. [700 NYS2d 697] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about November 24, 1998, unanimously affirmed for the reasons stated by Lippmann, J., with costs and disbursements. No opinion. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BANCHS, Appellant. [701 NYS2d 373] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 19, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second and third degrees, and sentencing him to concurrent terms of 5 years to life and 3 to 9 years, respectively, unanimously affirmed.

Contrary to defendant's argument, the verdict convicting him of second-degree sale was based on legally sufficient evidence and was not against the weight of the evidence. The weight of the cocaine that defendant agreed to sell to the undercover officer was independently shown to be at least one-half ounce (see, People v George, 67 NY2d 817; People v Alvarado, 228 AD2d 168, lv denied 88 NY2d 980). There was ample evidence warranting a reasonable inference that the combined weight of the recovered and non-recovered drugs far exceeded the statutory threshold.

Defendant was properly tried in absentia after he absconded during trial. The court made a sufficient inquiry into his whereabouts and appropriate factual findings as to his deliberate absence (see, People v Brooks, 75 NY2d 898). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.