■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LERARIO, Appellant. [840 NYS2d 471]—

Crew III, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 17, 2002, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered April 12, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

In satisfaction of a 13-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the fifth degree and, in accordance with the plea agreement, was sentenced, as a second felony offender, to a term of eight years to life and 2 to 4 years, respectively, such terms to run consecutively.

Subsequently, defendant brought on a CPL article 440 motion seeking to vacate his judgment of conviction on the ground that Judge LaBuda erred in failing to recuse himself because he had represented defendant on the prior drug charge that served as the predicate felony for sentencing purposes in the instant case. Following a hearing, defendant's CPL article 440 motion was denied. Defendant now appeals from the judgment of conviction and, by leave of this Court, from the denial of his CPL article 440 motion.

We find unavailing defendant's claim that Judge LaBuda erred by not recusing himself from presiding over the instant case. Defendant concedes that there are no statutory grounds mandating disqualification (*see* Judiciary Law § 14) and, thus, Judge LaBuda was the sole arbiter as to whether he should have recused himself. That decision, in turn, will not be overturned absent an abuse of discretion (*see People v Saunders*, 301 AD2d 869, 871 [2003], *lv denied* 100 NY2d 542 [2003]). Simply put, disqualification is not required where a judge has represented a defendant on a prior criminal case (*see People v Marrero*, 30 AD3d 637, 638 [2006]) and where that case constitutes the predicate for enhanced sentencing (*cf. People v Jones*, 143 AD2d 465, 467 [1988]) if, as here, there is no evidence of

bias or prejudice on the part of the trial judge. We have considered defendant's remaining arguments, including those set forth in his pro se brief, and find them equally unavailing.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.