■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASPER MARTIN, Appellant. [917 NYS2d 415]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 17, 2009, upon a verdict convicting defendant of the crimes of conspiracy in the second degree and criminal possession of a controlled substance in the third degree (seven counts).

In May 2008, as the result of a lengthy investigation into the operation of an illegal drug enterprise in Sullivan County—one that generated more than 10,000 wiretap intercepts and focused on numerous suspects—defendant was arrested and charged by indictment with conspiracy in the second degree and eight counts of criminal possession of a controlled substance in the third degree.[1] After a jury trial, he was convicted of all charges except for a single count of criminal possession of a controlled substance in the third degree. Defendant was subsequently sentenced, as a second felony offender, to various terms of imprisonment, including a prison term of $12\frac{1}{2}$ to 25 years on his conviction of conspiracy in the second degree.[2] He also received various terms of postrelease supervision.

Initially, defendant claims that he was denied both his

---

1. The indictment, which named 13 different defendants and contained 52 counts, specifically charged defendant, in addition to conspiracy, with possessing cocaine on four separate dates in March and April 2008.

2. On the seven convictions of criminal possession of a controlled substance in the third degree, defendant received the following: four concurrent, 10-year prison terms for counts 39, 40, 41 and 42; a five-year prison term for count 44; and two concurrent, 10-year prison terms for counts 45 and 46. The sentence on the conspiracy conviction was consecutive to the sentences on

constitutional and statutory rights to a speedy trial (*see* CPL 30.20, 30.30). As for his constitutional claim, defendant failed to preserve this issue for appellate review because he never made such a challenge before County Court (*see People v Smith*, 66 AD3d 1223, 1225 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Cain*, 24 AD3d 889, 890 [2005], *lv denied* 7 NY3d 753 [2006]). Moreover, he abandoned his statutory speedy trial claim by not objecting to the action proceeding to trial before County Court ruled on that application (*see People v Rodriguez*, 50 NY2d 553, 556-557 [1980]; *People v Green*, 19 AD3d 1075, 1075 [2005], *lv denied* 5 NY3d 828 [2005]).

As for the other issues raised in this appeal, defendant initially argues that the evidence submitted at trial was legally insufficient to support any of the charges for which he now stands convicted. Initially, we note that his challenge to his conspiracy in the second degree conviction is unpreserved and we decline to exercise our interest of justice jurisdiction (*see People v Shutter*, 72 AD3d 1211, 1213 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Adamek*, 69 AD3d 979, 980 [2010], *lv denied* 14 NY3d 797 [2010]). As for the remaining charges, to be legally sufficient, defendant's convictions for possessing cocaine must be based upon evidence showing that he either knowingly and unlawfully possessed "one-half ounce or more" of the drug or possessed any amount "with intent to sell it" (Penal Law § 220.16 [1], [12]; *see People v Pearson*, 69 AD3d 1226, 1228 [2010], *lv denied* 15 NY3d 755 [2010]).

The convictions for possessing cocaine are based in large measure on the content of tape recordings obtained as the result of eavesdropping warrants in which defendant is heard discussing with other coconspirators the distribution of cocaine. While that evidence, coupled with overt acts, may provide a legally sufficient basis for defendant's conviction for conspiracy (*see People v Harris*, 288 AD2d 610, 617-618 [2001], *affd* 99 NY3d 202 [2002]), it is not enough, absent some additional evidence establishing the existence of cocaine, to support his convictions for possession. In that regard, we note that the only cocaine recovered during this investigation was seized from two coconspirators prior to defendant's arrest and, as conceded by the prosecution, was not the cocaine for which defendant now stands convicted. Moreover, no cocaine was ever found on defendant's person and no evidence was ever presented placing him in the actual possession of cocaine on the dates specified in the indictment. In fact, defendant was never observed in posses-

counts 39, 40, 41 and 42, and the sentences on counts 45 and 46 were consecutive to the sentence on count 44.

sion of any substance on these dates, much less cocaine, and what he is alleged to have possessed—because it was not recovered—has never been the subject of any scientific analysis. Since the existence of cocaine is an essential element, it must be proven to establish possession and, therefore, defendant's seven convictions for criminal possession of a controlled substance in the third degree must be reversed (*see People v Manini*, 79 NY2d 561, 573 [1992]).

Defendant also contends that his motion to suppress certain tape recordings obtained pursuant to eavesdropping warrants should have been granted because the prosecution failed to strictly adhere to the statutory requirement that "[i]mmediately upon the expiration of the period of an eavesdropping or video surveillance warrant, the recordings of communications or observations made pursuant to [CPL 700.35 (3)] must be made available to the issuing justice and sealed under his [or her] directions" (CPL 700.50 [2]). Here, evidence was presented that the recordings were delivered to the District Attorney within the statutory time period and stored in a locked drawer to which only he had access. The District Attorney, in turn, acknowledged receiving the recordings and transporting them to the court on that date, where they were sealed pursuant to the court's directions. In addition, these eavesdropping warrants were not issued as defendant claims based on evidence gathered from eavesdropping warrants that had been previously discontinued, but instead were issued as the result of independent information obtained by the police from confidential informants. As a result, County Court properly denied defendant's motion to suppress.

As for defendant's contention that certain statements made by the prosecutor during opening and closing arguments deprived him of a fair trial, we note that only one was preserved with a timely objection addressed to County Court (*see People v Guay*, 72 AD3d 1201, 1203 [2010], *lv granted* 15 NY3d 750 [2010]; *People v Molano*, 70 AD3d 1172, 1176 [2010], *lv denied* 15 NY3d 776 [2010]; *People v Lemke*, 58 AD3d 1078, 1080 [2009]). That statement—without "the Jasper Martin's in this world" there would be no conspiracy—was not, in our view, so egregious or prejudicial as to serve to deny defendant a fair trial (*see People v Joseph*, 68 AD3d 1534, 1537 [2009], *lv denied* 14 NY3d 889 [2010], *cert denied* 562 US —, 131 S Ct 797 [2010]; *People v Nelson*, 68 AD3d 1252, 1255 [2009]). Finally, we reject defendant's claim that the sentence was harsh and excessive. Since his convictions for criminal possession of a controlled substance in the third degree must be reversed and his sentence,

as a result, significantly reduced, we see no reason—given his role in this conspiracy and his prior criminal record—to further modify this sentence (*see People v Muriel*, 75 AD3d 908, 910 [2010], *lv denied* 15 NY3d 922 [2010]).

Rose, McCarthy and Egan Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of criminal possession of a controlled substance in the third degree under counts 39, 40, 41, 42, 44, 45 and 46 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.

