*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    104499
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

MICHAEL NICHOL,
                        Appellant.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                        _____


        James P. Milstein, Public Defender, Albany (Theresa M.
Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Christopher D.
Horn of counsel), for respondent.

                        _____


Garry, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered June 15, 2011 in Albany County, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree (two counts) and
criminal possession of a controlled substance in the third
degree.

        In September 2010, members of the Albany County Sheriff's
Department and the City of Albany Police Department conducted two
controlled buys in which a confidential informant (hereinafter
CI) purchased heroin from defendant.  The first buy took place in
a hallway in defendant's residence in the City of Albany, and the
second occurred on the street nearby.  In November 2010, the two

Departments searched the residence and discovered, among other evidence, eight bags of heroin in the hallway.

Defendant was indicted for various crimes and, following a jury trial, convicted of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree. Supreme Court sentenced him as a second felony drug offender to consecutive prison terms of seven years on each of the criminal sale convictions, followed by three years of postrelease supervision, and a prison term of seven years with three years of postrelease supervision on the criminal possession charge, to be served concurrently with the other sentences. Defendant appeals.

We reject defendant's assertion that Supreme Court should have granted his motion to suppress the evidence obtained in the November 2010 search of his residence. The application for the search warrant was supported by the affidavit of a sheriff's investigator describing three controlled heroin buys at defendant's residence that the investigator had arranged and monitored; no hearsay statements or information attributed to third parties were included. Where probable cause for a search warrant is based upon the personal knowledge and first-hand observations of the deponent, and not upon hearsay, the Aguilar-Spinelli test does not apply (see People v Taylor, 73 NY2d 683, 688 [1989]; People v Vanhoesen, 31 AD3d 805, 806 [2006]; People v Doyle, 222 AD2d 875, 875 [1995], lv denied 88 NY2d 878 [1996]; see generally Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]). Defendant's further contention that the warrant did not include the hallway where the heroin was found is contradicted by its plain language, which directs a search of the first floor of defendant's residence, including "all rooms, basements, attics, garages, attached or unattached and the surrounding grounds."

We further reject defendant's contention that he was denied a fair trial and discouraged from testifying by Supreme Court's Sandoval and Molineux rulings. Before trial, the People sought permission to impeach defendant, should he choose to testify, with evidence of various previous convictions and bad acts.

Supreme Court permitted full inquiry as to a 2006 grand larceny conviction and defendant's alleged use of aliases in prior encounters with police. The court further ruled that the People would be permitted to inquire whether defendant had been convicted of another felony in 2000 but would not be permitted to inquire as to the nature of the crime – a drug-related offense – unless defendant opened the door with his own testimony. Otherwise, the People's request was denied. We find no abuse of discretion in this ruling, which appropriately balanced the probative value of the proof pertaining to defendant's credibility against the risk of unfair prejudice (see People v Sandoval, 34 NY2d 371, 375 [1974]; People v Waugh, 52 AD3d 853, 855 [2008], lv denied 11 NY3d 796 [2008]). As for defendant's claim that he was prejudiced by the court's Molineux ruling, the record reveals that the People's application to introduce evidence of certain uncharged crimes in their case-in-chief was denied, and – contrary to defendant's claim – the People's witnesses made no reference to such evidence during the trial.

Defendant argues that his criminal sale convictions are not supported by legally sufficient evidence that he knowingly and unlawfully sold heroin, and that his criminal possession conviction was not supported by legally sufficient evidence that he constructively possessed heroin or intended to sell it (see Penal Law §§ 220.16 [1]; 220.39 [1]). These contentions are unpreserved, as defendant did not raise them in his general motion for dismissal at the close of the People's case (see People v March, 96 AD3d 1101, 1102 [2012], lv denied 20 NY3d 1063 [2013]). Nevertheless, his concomitant claim that the convictions were against the weight of the evidence requires this Court to assess the sufficiency of the evidence as to each element of the crimes (see People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013]; People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010]).

As to the criminal sale convictions, the first controlled buy was arranged by phone by the CI, who was searched and provided with a body wire and buy money, and then – observed at all times by a detective and an investigator – walked to defendant's residence and spoke to him through a window, asking for heroin. As seen on a police videotape, defendant opened the

front door, stepped outside and looked up and down the street before admitting the CI and closing the door.  Inside, according to the CI, defendant accepted the buy money, bent over near some bicycles in a hallway, and handed two bags of what proved to be heroin to the CI, warning him to watch out for police.  The investigator testified that he listened to this exchange through the CI's body wire, but later discovered that the device had malfunctioned, such that no audiotape was produced.  During the second purchase, defendant met the CI on the street near his residence and, after accepting the buy money, told the CI that the heroin was on the ground near them.  From a nearby vehicle, the investigator and detective observed a hand-to-hand exchange between the men and saw the CI bend over to pick something up.  As before, the investigator listened to the transaction through the CI's wire, but later learned that no audiotape was produced.  The observing officers attempted to videotape the transaction, but were able to record only its aftermath, as defendant returned to his nearby residence.  Contrary to defendant's claim, neither the absence of recorded proof of the two transactions nor defendant's challenges to the CI's credibility precluded the jury from finding that defendant "knowingly and unlawfully [sold] a narcotic drug" on each occasion (Penal Law § 220.39 [1]).  Deferring to the jury's credibility assessments and viewing the evidence in a neutral light, we are satisfied that the guilty verdicts on the criminal sale counts are supported by the weight of the evidence (see People v Tisdale, 103 AD3d 987, 988 [2013], lvs denied 21 NY3d 1004, 1010 [2013]; People v Morris, 101 AD3d 1165, 1165-1166 [2012], lv denied 20 NY3d 1102 [2013]).

As to the criminal possession conviction, a detective testified that he found eight glassine bags of heroin inside a man's shoe in a common hallway during the November 2010 search of defendant's residence.  Defendant contends that the People failed to establish that he constructively possessed this heroin, as it was not found inside his apartment.  However, constructive possession is proven by demonstrating that a defendant exercised dominion and control over the location where contraband was found, and exclusive access is not required (see Penal Law § 10.00 [8]; People v Buchanan, 95 AD3d 1433, 1435 [2012], lvs denied 22 NY3d 1039, 1043 [2013]; People v Echavarria, 53 AD3d 859, 862 [2008], lv denied 11 NY3d 832 [2008]; People v Elhadi,

304 AD2d 982, 984 [2003], lv denied 100 NY2d 580 [2003]). The testimony established that the hallway led to the first-floor apartment where defendant resided with his paramour and several young children, and also to a second-floor unit that was vacant at that time. The hallway contained bicycles, toys and shoes; the shoe in which the heroin was found was not admitted into evidence, but the testimony established that it was a man's shoe and that defendant was the only man living in the building. Based on this evidence, the jury could rationally infer that defendant constructively possessed the heroin found in the shoe (see People v Bellamy, 118 AD3d 1113, 1114 [2014]). As for defendant's claim that the People failed to prove his intent to sell the heroin, the search team found defendant in a bedroom that also contained mail addressed to him and clothing that appeared to be his. In the same bedroom, they found what they believed to be wrapping material for bundles or bricks of heroin, $350 in cash in a candy container, and a prepaid cell phone that was not registered to any named individual, but that bore the same phone number that the CI had called to set up the controlled buys. Viewing this evidence, as well as the evidence pertaining to defendant's recent participation in heroin sales, in a neutral light and weighing the relative probative force of the evidence and the conflicting inferences to be drawn therefrom, we find that the verdict was not against the weight of the evidence (see People v James, 90 AD3d 1249, 1250 [2011], lv denied 18 NY3d 958 [2012]; People v Hawkins, 45 AD3d 989, 991 [2007], lv denied 9 NY3d 1034 [2008]; People v Smith, 309 AD2d 1081, 1082-1083 [2003]).

Finally, defendant claims that his sentence was harsh and excessive. Although the sentence imposed was greater than one offered to him before trial upon a rejected plea bargain, this does not prove that he was punished for asserting his right to trial where, as here, the record contains no evidence of retaliation or vindictiveness (see People v Massey, 45 AD3d 1044, 1048 [2007], lv denied 9 NY3d 1036 [2008]). Considering the pattern of drug-related activity reflected in defendant's current convictions and his lengthy prior criminal history, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Herring, 74 AD3d 1579, 1580 [2010]; People v

McDonald, 43 AD3d 1207 [2007], lv denied 10 NY3d 867 [2008]).

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court