*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    105120
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

ROBERT J. McCANN,
                    Appellant.
_____


Calendar Date:   January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                        _____


        Jack H. Weiner, Chatham, for appellant.

        Glenn MacNeill, Acting District Attorney, Malone, for
respondent.

                        _____


Clark, J.


        Appeals (1) from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered May 14, 2012, upon a verdict
convicting defendant of the crimes of attempted murder in the
second degree, kidnapping in the second degree, criminal use of a
firearm in the first degree, assault in the first degree,
attempted assault in the first degree and stalking in the first
degree, and (2) from a judgment of said court, rendered October
4, 2012, which resentenced defendant on his conviction of
stalking in the first degree.

        Following a jury trial, defendant was convicted of
attempted murder in the second degree, kidnapping in the second
degree, criminal use of a firearm in the first degree, assault in
the first degree, attempted assault in the first degree and

stalking in the first degree.  The charges stemmed from a campaign of harassment against his ex-girlfriend that culminated in him kidnapping and savagely assaulting her.  County Court thereafter sentenced defendant, as a second violent felony offender, to an aggregate prison term of 35 years to be followed by five years of postrelease supervision.  Defendant appeals from the initial conviction, as well as a resentencing upon the stalking conviction that did not affect his aggregate sentence.

Defendant contends that the verdict was not supported by legally sufficient evidence, but his general motion to dismiss at the close of the People's proof left that argument unpreserved for our review (see People v Valverde, 122 AD3d 1074, 1075 [2014]; People v Nichol, 121 AD3d 1174, 1176 [2014]). "Nevertheless, his concomitant claim that the convictions were against the weight of the evidence requires this Court to assess the sufficiency of the evidence as to each element of the crimes" (People v Nichol, 121 AD3d at 1176 [citations omitted]; see People v Danielson, 9 NY3d 342, 349 [2007]).  To that end, the victim testified that defendant was verbally and physically abusive while they were dating.  In August 2010, the victim told defendant that she did not want to be with him any longer and, shortly thereafter, defendant approached her in a rage, shoved her off of an exercise machine and began screaming at her in public.  Defendant then engaged in a campaign of harassment against the victim that lasted several months and included his repeatedly accosting her in public, telephoning and texting her, notwithstanding her telling him in no uncertain terms that she wanted to be left alone.  The harassment took a particularly ominous turn in September 2010 when defendant, whom the victim visited in the hopes of reconciling, choked her and threatened to kill her.  The victim testified that this course of conduct by defendant left her with a fear of injury, and that fear can only be viewed as a reasonable one (see Penal Law §§ 120.50 [3]; 120.60).

Defendant then contacted the victim on October 5, 2010 and suggested that they meet so that he could "say good bye to [her] the right way."  The victim agreed and met with defendant at a secluded location that defendant had selected, purportedly because he had told people that they were no longer dating and

did not want others to see them together. When she arrived, defendant pulled out what appeared to be a gun and informed her that she was not going anywhere (see Penal Law §§ 135.00 [2]; 135.20, 265.09 [1] [b]; People v Smith, 41 AD3d 1093, 1094 [2007], lv denied 9 NY3d 1039 [2008]). Defendant proceeded to pull the victim towards him and put her in a choke hold with his arms for several minutes before releasing her. He then deprived the victim of her car keys and her cell phone, and forced her to accompany him on an overnight trip. During that time, defendant continued to physically abuse the victim and threatened to kill her on numerous occasions. Defendant released her the next day, but not before forcing her to promise to marry him and to call various men to say that she was in love with defendant. After viewing the foregoing evidence in a neutral light and according due deference to the jury's credibility determinations (see People v Kancharla, 23 NY3d 294, 303 [2014]), we readily conclude that the convictions for kidnapping in the second degree, criminal use of a firearm in the first degree and stalking in the first degree are not against the weight of the evidence.

Defendant additionally argues that the verdict with regard to the assault in the first degree conviction was against the weight of the evidence because the victim did not sustain a serious physical injury — i.e., one "which creates a substantial risk of death, or which causes death or serious and protracted disfigurement . . . or protracted loss or impairment of the function of any bodily organ" — when he placed her in a choke hold on October 5, 2010 (Penal Law § 10.00 [10]). In that regard, the victim testified that defendant choked her for two to three minutes and that she blacked out while he was doing it. The choking left her unable to lift her head or swallow, caused hematomas in her eyes and impaired her vision for several days. A pathologist explained that the victim lost consciousness because the blood supply to her brain had been cut off from the choking and that, had defendant not released her, she would have died a minute or two later. The pathologist further testified that his review of the victim's medical records and photographs led him to believe that she had sustained injuries more severe than those he had observed in individuals who had actually died as a result of strangulation. Moreover, while the victim's

injuries had largely healed by the time of trial in February 2012, she continued to suffer from chronic neck pain and an altered voice (compare People v Daniels, 97 AD3d 845, 847 [2012], lv denied 20 NY3d 931 [2012]). Inasmuch as "the jury could have rationally found that defendant's strangulation of [the victim] was an impairment of her physical condition which created a substantial risk of death" given these facts, we cannot say that the conviction of assault in the first degree was against the weight of the evidence (People v Miller, 290 AD2d 814, 815 [2002], lv denied 98 NY2d 678 [2002]; see People v Abreu, 283 AD2d 194, 194-195 [2001], lv denied 96 NY2d 898 [2001]; People v Perron, 172 AD2d 879, 880 [1991], lv denied 77 NY2d 999 [1991]). This proof, when coupled with defendant's repeated statements that he desired to kill the victim, further provided an ample basis to support the conviction of attempted murder in the second degree (see People v Perron, 172 AD2d at 879-880).

We do find that the conviction for attempted assault in the first degree cannot stand. Defendant was charged under the theory that, during the course of the kidnapping, he attempted to cause serious physical injury when he choked the victim a second time after she made an abortive effort to get help (see Penal Law § 120.10 [4]). An attempt to commit a crime requires that a person, "with intent to commit a crime, . . . engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). In contrast, felony assault punishes a felon for the actual consequences of his or her actions, and "there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended" (People v Campbell, 72 NY2d 602, 605 [1988]; see People v Hendrix, 56 AD2d 580, 581 [1977], affd 44 NY2d 658 [1978]; People v Hassin, 48 AD2d 705, 705 [1975]). Accordingly, notwithstanding the fact that defendant did not advance this specific issue in his appellate brief, the count of the indictment charging him with attempted felony assault is jurisdictionally defective and must be dismissed (see People v Burress, 122 AD2d 588, 589 [1986], lv denied 68 NY2d 810 [1986]; see also People v Bethea, 61 AD3d 1016, 1017 [2009]).

Defendant next contends that his statement to investigators should have been suppressed because a martial arts instructor he

requested to be with him during the interrogation — who also happened to be a detective sergeant with the St. Lawrence County Sheriff's Department — induced him to confess. County Court appropriately found that the instructor was not acting as an agent of the police and, in any event, defendant was administered Miranda warnings before the interrogation began (see People v Ray, 65 NY2d 282, 286 [1985]; People v Hales, 272 AD2d 984, 984-985 [2000], lv denied 95 NY2d 935 [2000]). The instructor additionally testified that he went to help defendant, only gave him friendly advice, and made no promises or other statements that would have induced defendant to falsely confess (see CPL 60.45 [2] [b]; People v De Pasquale, 54 NY2d 693, 694-695 [1981]). Therefore, according proper deference to the credibility determinations of County Court, we find that it properly refused to suppress defendant's statement (see People v De Pasquale, 54 NY2d at 694-695; People v Whitted, 117 AD3d 1179, 1181 [2014], lv denied 23 NY3d 1026 [2014]).

Contrary to defendant's further argument, he was not deprived of the effective assistance of counsel due to his representation by the Franklin County Public Defender, an office that had previously represented a jailhouse informant testifying for the People. While that situation constitutes a potential conflict of interest, defendant will not prevail unless he can further show that the potential conflict affected the conduct of his defense in some way (see People v Sanchez, 21 NY3d 216, 222-223 [2013]; People v Harris, 99 NY2d 202, 211 [2002]; People v Ortiz, 76 NY2d 652, 656-657 [1990]). Defendant has failed to make that showing, as the witness waived his attorney-client privilege for purposes of cross-examination and, indeed, was vigorously cross-examined (see People v Harris, 99 NY2d at 211; People v Robles, 115 AD3d 30, 36-37 [2014], lv denied 22 NY3d 1202 [2014]).[1] Defendant correctly points out that County Court did not ensure that "he understood the risks that may be involved with respect to the potential conflict, [but] the failure to make

_____

[1] The witness indicated that he would only waive his attorney-client privilege if he were cross-examined by an attorney who had no familiarity with his prior dealings with the Public Defender, and that condition was met.

such an inquiry does not constitute reversible error because defendant has not established that the potential conflict of interest bore a substantial relation to the conduct of the defense" (People v Hurlbert, 81 AD3d 1430, 1431 [2011], lv denied 16 NY3d 896 [2011] [internal quotation marks and citations omitted]; see People v Jenkins, 256 AD2d 735, 736-737 [1998], lv denied 93 NY2d 854 [1999]).

Defendant lastly argues that the aggregate prison sentence imposed – which is 20 years in the absence of the conviction for attempted assault in the first degree – is harsh and excessive. Based upon our review of the record, however, we perceive neither an abuse of discretion nor the existence of any extraordinary circumstances that would warrant a reduction in the sentence (see People v Hartman, 86 AD3d 711, 713 [2011], lv denied 18 NY3d 859 [2011]; People v Rodriguez, 306 AD2d 686, 689 [2003], lv denied 100 NY2d 624 [2003]).

We have examined defendant's remaining claims and find them to be unpersuasive.

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the judgment rendered May 14, 2012 is modified, on the law, by reversing defendant's conviction of attempted assault in the first degree under count 6 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

ORDERED that the judgment rendered October 4, 2012 is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court