*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    105185
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

SAKAI SCOTT, Also Known as
    KAI, Also Known as BLACK,
                        Appellant.
_____


Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

                        _____


        Paul J. Connolly, Delmar, for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Lisa
E. Fleischmann of counsel), for respondent.

                        _____


Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered March 30, 2012 in Albany County, upon a verdict
convicting defendant of the crime of criminal sale of a
controlled substance in the third degree (three counts).

        Defendant was charged with enterprise corruption, three
counts of criminal sale of a controlled substance in the third
degree and conspiracy in the second degree as part of a multi-
count indictment against numerous members of the Bloods gang
involved in a narcotics distribution network.  After a jury
trial, separate from those of his codefendants, defendant was
convicted only of the three counts charging him with criminal
sale of a controlled substance in the third degree.  Supreme

Court sentenced defendant to three consecutive prison terms of six years each, with two years of postrelease supervision, and he now appeals.

Defendant's contention that the verdict is not supported by legally sufficient evidence is not preserved for our review inasmuch as he failed to make a motion to dismiss at the close of the People's case (see People v Buchanan, 95 AD3d 1433, 1433 [2012], lv denied 22 NY3d 1039 [2013]). Nevertheless, we will evaluate whether the elements of the offense of criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]) were established beyond a reasonable doubt as part of our weight of the evidence review (see People v Robinson, 123 AD3d 1224, 1225 [2014], lv denied 25 NY3d 992 [2015]; People v Nichol, 121 AD3d 1174, 1176 [2014]).

Robert Guiry, a detective with extensive experience with gang and narcotics investigations, testified that he listened to over 1,000 recordings of wire-tapped phone calls as part of the investigation into the narcotic distribution network headed by codefendant Hector Acevedo. Guiry testified that he was familiar with defendant's voice from observing and listening to defendant during his booking and arraignment, as well as listening to his voice on a number of recorded phone calls to and from Acevedo and other members of the Bloods gang. The calls were played for the jury, and the jurors had the opportunity to hear defendant's voice on recordings that include multiple instances of defendant being identified by his first name. In a series of calls in April 2010, defendant was heard agreeing to sell cocaine to Acevedo and then proceeding to the place of sale on one occasion and agreeing to sell heroin to Acevedo's customer on another. The customer testified to the completed sale. Detectives also testified that they witnessed defendant engage in a hand-to-hand exchange on the street with a confidential informant (hereinafter the CI) in June 2010 after the CI called defendant to arrange a controlled purchase of heroin. Viewing the evidence in a neutral light, and deferring to the jury's credibility determinations, we are satisfied that the verdict is supported by the weight of the evidence (see People v Nichol, 121 AD3d at 1177; People v Wilson, 100 AD3d 1045, 1046 [2012], lv denied 22 NY3d 998 [2013]).

The balance of defendant's claims of error were not raised before Supreme Court and are, therefore, unpreserved for our review (see People v Mercado, 113 AD3d 930, 933 [2014], lv denied 23 NY3d 1040 [2014]; People v Wilson, 100 AD3d at 1048 n; People v Echavarria, 53 AD3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]). In any event, we will address them because defendant argues that his counsel's failure to register these objections deprived him of meaningful representation.

First, we cannot agree that Guiry's isolated comment on direct examination that defendant ran a "business selling narcotics" from his residence should have been objected to and precluded as prejudicial testimony suggesting a propensity to sell drugs. As reflected in the People's Venitimiglia application, the evidence that defendant engaged in drug sales was not introduced to suggest propensity, but was related to the conspiracy and enterprise corruption charges and, accordingly, no pretrial hearing was required (see People v Rodriguez, 121 AD3d 1435, 1440 [2014], lv denied 24 NY3d 1122 [2015]). Likewise, evidence of defendant's alleged affiliation with the Bloods gang was relevant to the criminal enterprise charge and admissible to provide necessary background information regarding the interaction of defendant and the alleged coconspirators (see People v Johnson, 106 AD3d 1272, 1274 [2013], lv denied 21 NY3d 1043 [2013]; People v Collazo, 45 AD3d 899, 901 [2007], lv denied 9 NY3d 1032 [2008]).

Next, although defendant now claims that it was prejudicial to have his name listed on the transcripts of the phone calls provided to the jury, he is identified by name multiple times in calls made to and from the number associated with his cell phone, and he was seen on video and clearly identified by detectives as the individual responding to the recorded phone call with the CI. Moreover, defense counsel introduced the transcripts into evidence in an apparent, and successful, strategy to defeat the conspiracy and criminal enterprise charges. Given these circumstances, as well as Supreme Court's instruction to the jurors that what they heard on the tapes controlled over what was written on the transcripts, we find no error (compare People v Darby, 72 AD3d 1280, 1283 [2010], lv denied 15 NY3d 749 [2010]).

Defendant's claim that his counsel was ineffective for failing to raise these and other objections, and to request curative instructions, is unpersuasive inasmuch as "a defendant is not denied the effective assistance of counsel when counsel fails to raise issues that have little or no chance of succeeding" (People v Rodriguez, 121 AD3d at 1440; see People v Caban, 5 NY3d 143, 152 [2005]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Robinson, 123 AD3d at 1228 [internal quotation marks and citation omitted]; accord People v Henry, 95 NY2d 563, 565 [2000]). Overall, the record reflects that counsel pursued a rational strategy, effectively cross-examined the People's witnesses, and delivered cogent opening and closing statements, and he was able to obtain acquittals on two of the charges. Considering the record as a whole, we are satisfied that defendant received meaningful representation (see People v Robinson, 123 AD3d at 1227-1228; People v Jones, 101 AD3d 1241, 1243 [2012], lv denied 21 NY3d 944 [2013]; People v Echavarria, 53 AD3d at 864).

Finally, as defendant concedes, consecutive sentences were authorized and the sentences for each count are less than the maximum. Although he does not have a significant criminal history, Supreme Court properly based the sentence on a review of defendant's presentence investigation report and the justifiable conclusion that he was "a drug dealer." Accordingly, we can find no abuse of discretion or extraordinary circumstances warranting reduction of the sentence (see People v Acevedo, 118 AD3d 1103, 1108 [2014]; People v Burroughs, 64 AD3d 894, 898-899 [2009], lv denied 13 NY3d 794 [2009]; compare People v Roberts, 80 AD3d 787, 790-791 [2011], lv denied 16 NY3d 862 [2011]). Defendant's remaining contentions have been considered and found to be unavailing.

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court