*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                104790
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

GREGORY LEE,
                        Appellant.
_____

Calendar Date:  April 29, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                        _____


        Salvatore C. Adamo, Albany, for appellant, and appellant
pro se.

        D. Holley Carnright, District Attorney, Kingston (Carly
Wolfrom of counsel), for respondent.

                        _____


Garry, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered December 14, 2011, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree (two counts) and
criminal possession of a controlled substance in the third degree
(two counts).

        In April 2011, defendant was arrested for possessing and
selling heroin and cocaine in the Town of Saugerties, Ulster
County.  He was indicted on three counts each of criminal sale of
a controlled substance in the third degree and criminal
possession of a controlled substance in the third degree.
Following a jury trial, he was convicted of two counts of each

offense and sentenced as a second felony offender to an aggregate prison term of 18 years, followed by three years of postrelease supervision. Defendant appeals.

Initially, we reject defendant's claim that he was denied a fair trial by County Court's refusal to recuse itself. Where, as here, there are no grounds for legal disqualification (see Judiciary Law § 14), a trial judge's decision as to whether recusal is necessary will not be disturbed absent a clear abuse of discretion (see People v Moreno, 70 NY2d 403, 406 [1987]; People v Lerario, 43 AD3d 492, 492-493 [2007]; People v Wallis, 24 AD3d 1029, 1031 [2005], lv denied 6 NY3d 854 [2006]). Defendant based his motion for recusal on the fact that the County Judge who presided over his trial had been the District Attorney in 2005, when defendant was prosecuted by his office on a similar drug-related charge. Defendant has acknowledged that the trial was handled by assistant district attorneys and that, to his knowledge, the Judge did not participate. Nevertheless, defendant asserted that the Judge must have been aware of the 2005 prosecution and, as a result, acquired prejudicial information. In denying the motion, the Judge stated unequivocally that he had no memory of the prior prosecution, no knowledge or information about defendant other than the evidence in the current prosecution, and no reservations as to whether he could be fair and impartial. Nothing in our review of the record controverts these statements or suggests any bias or prejudice. Accordingly, we find no abuse of discretion (see People v Curkendall, 12 AD3d 710, 714 [2004], lv denied 4 NY3d 743 [2004]; People v West, 254 AD2d 315, 315 [1998]; People v Rosato, 193 AD2d 1052, 1053 [1993], lv denied 84 NY2d 910 [1994]; People v Jones, 143 AD2d 465, 466-467 [1988]).

Defendant next claims that his convictions were not supported by legally sufficient evidence and that the verdict was against the weight of the evidence. The People sought to prove that defendant sold narcotics to a confidential informant (hereinafter CI) and an undercover officer in two controlled buys in March 2011. The CI testified that she agreed to participate in the controlled buys in exchange for favorable treatment of her alleged involvement in unrelated drug transactions. On both occasions, she telephoned defendant and arranged to meet him at a

motel to purchase drugs. Before each transaction, she was searched, provided with a body wire and given prerecorded currency. She and an undercover officer then met defendant in the motel parking lot, where he accepted the buy money and, in exchange, provided them with heroin in the first transaction and with heroin and crack cocaine in the second transaction. Members of a law enforcement drug task force observed both controlled buys from a nearby van and made audio and video recordings of the transactions as they occurred. The undercover officer then retained possession of the drugs, which were subsequently tested and identified as heroin and cocaine. At trial, the CI and the undercover officer identified defendant as the person who participated in both transactions, officers who observed the transactions testified as to what they had seen and heard, and the audio and video recordings were played for the jury.

Defendant relied upon an agency defense at trial. Although conceding that he participated in both exchanges, he claimed that he merely acted as an agent for the true seller, did not intend to sell the drugs or profit from the transactions, and provided the drugs as a favor to the CI, who had told him that she and her companion — the undercover officer — were suffering from withdrawal symptoms. This testimony presented factual questions and credibility assessments for the jury, which had the opportunity to hear defendant's testimony and observe his demeanor (see People v Lam Lek Chong, 45 NY2d 64, 74-75 [1978], cert denied 439 US 935 [1978]; People v Mitchell, 112 AD3d 1071, 1071-1072 [2013], lv denied 22 NY3d 1140 [2014]). It was likewise the jury's province to resolve inconsistencies and conflicts that defendant now contends rendered the trial testimony unworthy of belief, all of which were thoroughly explored on cross-examination. Viewing the evidence in the light most favorable to the People, we find a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Guthrie, 57 AD3d 1168, 1170 [2008], lv denied 12 NY3d 816 [2009]). Further, viewing the evidence in a neutral light and deferring to the jury's credibility assessments, we find that the People met their burden to disprove the agency defense and that the verdict was not contrary to the weight of the evidence (see People v Robinson, 123 AD3d 1224,

1226-1227 [2014], lvs denied 25 NY3d 992, 993 [2015]; People v Mitchell, 112 AD3d at 1073; People v Johnson, 91 AD3d 1115, 1116-1117 [2012], lv denied 18 NY3d 959 [2012]).

County Court did not err in its Molineux, Ventimiglia or Sandoval rulings. During a joint pretrial hearing, the court denied the People's request to introduce evidence of certain prior convictions and bad acts, specifically including two 2005 convictions for criminal sale of a controlled substance in the third degree and certain alleged prior drug sales to the CI. The court found that the prejudicial effect of this evidence outweighed its probative value, but warned that this ruling could change if defendant opened the door during trial. Thereafter, defendant asserted his agency defense during his opening statement, and the People renewed their prior application. The court found that defendant had opened the door, conducted an additional Ventimiglia/Molineux hearing, and concluded that the evidence was relevant to rebut defendant's agency defense and demonstrate his intent to sell narcotics, and that its probative value outweighed its potential for prejudice. We find no error. It is well established that a defendant opens the door to Molineux evidence by asserting an agency defense (see People v Mitchell, 112 AD3d at 1073; People v Nealon, 36 AD3d 1076, 1078 [2007], lv denied 8 NY3d 988 [2007]; People v Ortiz, 259 AD2d 979, 980 [1999], lv denied 93 NY2d 1024 [1999]), and any potential prejudice was mitigated by the court's timely and proper limiting instructions (see People v Small, 12 NY3d 732, 733 [2009]).

As for County Court's Sandoval rulings, the People sought before the trial to impeach defendant with evidence of his numerous prior convictions and bad acts in the event that he elected to testify. Upon such an application, a trial court, in its discretion, "may exclude the evidence entirely; limit the prosecution's inquiry to the mere fact that there has been a prior conviction; it may limit inquiry to the existence and nature of the prior conviction; or it may permit examination into the facts and circumstances underlying the prior conviction" (People v Smith, 18 NY3d 588, 593 [2012] [internal quotation marks and citations omitted]). During the joint hearing, the court carefully considered each of defendant's prior convictions

and ruled on the extent to which the People could question him, precluding all inquiry into some of the convictions and limiting the People's inquiry into the nature and underlying circumstances of almost all of the others. When defendant testified at trial, the People questioned him in accord with these directions, and defendant offered no objections. Considering the numerous restrictions imposed as a result of the court's careful analysis, we find no abuse of discretion (see People v Nichol, 121 AD3d 1174, 1175-1176 [2014]).

Defendant next contends that County Court erred by granting the jury's request to allow the second seated juror to take over the duties of the jury foreperson. However, defendant was present and raised no objection when his counsel affirmatively consented to the substitution, and his counsel did not object when the decision was communicated to the jury. Even if the substitution was in some manner erroneous, it did not constitute a mode of proceedings error and, contrary to defendant's contention, preservation was required (see People v Alexander, 104 AD3d 1221, 1221 [2013], lv denied 21 NY3d 941 [2013]; see generally People v Agramonte, 87 NY2d 765, 769-770 [1996]). We decline to take corrective action in the interest of justice.

Defendant was not denied a fair trial by County Court's refusal to instruct the jury as to an intoxication defense. Such a charge is warranted when "there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis . . . [or when] the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect [the] defendant's ability to form the necessary criminal intent" (People v Rodriguez, 76 NY2d 918, 920 [1990] [internal quotation marks and citations omitted]). Here, there was no evidence that defendant was intoxicated at the time of the drug transactions except for his own self-serving testimony, and such "bare assertions," standing alone, do not warrant an intoxication charge (People v Sirico, 17 NY3d 744, 745 [2011]; accord People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]). Likewise, the court properly rejected defendant's request for an instruction on the definition of a mandated reporter pursuant to Social Services Law

§ 413. Defendant's claim that the police had improperly failed to report the CI to a child protective agency had no bearing on his guilt, and the requested charge would only have served to confuse the jurors.

Although defendant now contends that County Court responded improperly to a jury note, his counsel agreed to the court's proposed response in defendant's presence and did not object when the response was communicated to the jury. Our review of the record reveals that the court complied with its "core responsibilit[ies]" to give counsel notice of the specific contents of the note and an opportunity to participate in framing appropriate responses, and to provide the jury with a meaningful response (People v Kisoon, 8 NY3d 129, 134 [2007]; see CPL 310.30; People v O'Rama, 78 NY2d 270, 276 [1991]). Accordingly, preservation was required, and we decline to take corrective action in the interest of justice (see People v Woodrow, 89 AD3d 1158, 1160 [2011], lv denied 19 NY3d 978 [2012]; People v Rivera, 83 AD3d 1370, 1370-1371 [2011], lv denied 17 NY3d 904 [2011]).

Finally, we reject defendant's contention that his sentence was harsh and excessive. He was not sentenced to the maximum permissible term (see Penal Law § 70.70 [3] [b] [i]), and the record provides no support for his claim that he was punished for exercising his right to trial (see People v Nichol, 121 AD3d at 1178; People v Massey, 45 AD3d 1044, 1048 [2007], lv denied 9 NY3d 1036 [2008]). In view of defendant's lack of remorse and his extensive criminal history — which dates back to 1984 and includes convictions for robbery, kidnapping and assault, as well as drug-related offenses — we perceive no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see People v McDonald, 43 AD3d 1207, 1207 [2007], lv denied 10 NY3d 867 [2008]; People v Davis, 4 AD3d 567, 568 [2004], lv denied 2 NY3d 798 [2004]).

Peters, P.J., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court