*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    104522
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ERICK COCHRAN, Also Known as
    E-MURDER, Also Known as E,
                    Appellant.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        James E. Long, Public Defender, Albany, (Christopher J. Ritchey of counsel), for appellant, and appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Hannah Stith Long of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 5, 2011, upon a verdict convicting defendant of the crimes of enterprise corruption, attempted criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), conspiracy in the second degree and criminal sale of controlled substance in the third degree (31 counts).

        Defendant and numerous other individuals were arrested and charged with various crimes as a result of an investigation into the drug-related operations of the Bloods gang in Albany County.

The case against defendant was largely based upon intercepted cellular telephone conversations and text messages between defendant and certain other codefendants, including Ronald Wright, with whom defendant was jointly tried (see generally People v Wright, ___ AD3d ___, 2016 NY Slip Op 03550 [2016]). The recorded calls and text messages revealed, among other things, that defendant was engaged in trafficking heroin as part of a larger criminal enterprise controlled by the Bloods. Following a jury trial, defendant was convicted of enterprise corruption, attempted criminal possession of a controlled substance in the third degree and conspiracy in the second degree, two counts of criminal possession of a controlled substance in the third degree and 31 counts of criminal sale of a controlled substance in the third degree. He was sentenced to a statutorily-capped prison term of 30 years (see Penal Law § 70.30 [1] [e] [i]), and he now appeals.

We agree with defendant's argument that his conviction for conspiracy in the second degree must be reversed, as the People's evidence was legally insufficient to prove his guilt beyond a reasonable doubt. "A person is guilty of conspiracy in the second degree when, with intent that conduct constituting a class A felony be performed, he [or she] agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.15). Notably, "[a] person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy" (Penal Law § 105.20; see generally People v Monday, 309 AD2d 977, 978 [2003]).

Here, the only class A felony in the indictment in which defendant was implicated charged Wright, among other codefendants, with criminal sale of a controlled substance in the second degree, based upon an alleged sale by Wright of more than one-half ounce of heroin to defendant on July 12, 2010. At the joint trial, the People sought to convict Wright of this crime based solely upon recorded telephone conversations between the two, in which Wright allegedly agreed to sell heroin to defendant. However, during those conversations, defendant equivocated as to how much heroin he sought to buy, and none of the heroin from the transaction was recovered by police. As a

result, the People failed to independently establish that the weight of the heroin sold exceeded the statutory threshold (see Penal Law § 220.41 [1]; People v George, 67 NY2d 817, 819 [1986]; People v Banchs, 268 AD2d 262, 262 [2000], lv denied 95 NY2d 793 [2000]), and, in turn, they failed to prove an alleged overt act by defendant or Wright in support of the conspiracy charge (see People v Wright, 2016 NY Slip Op 03550 at *2). Accordingly, we reverse defendant's conviction for conspiracy in the second degree and dismiss that count of the indictment against him.

Relying on our decision in People v Martin (81 AD3d 1178 [2011], lv denied 17 NY3d 819 [2011]), defendant also argues that the People's failure to produce and test the heroin related to each of the 31 counts of criminal sale of a controlled substance in the third degree renders the evidence legally insufficient for those charges, inasmuch as his ability to consummate the sales cannot be proven. We disagree. Where, as here, the People primarily rely on intercepted telephone conversations as evidence of a sale of drugs (see Penal Law §§ 220.00 [1]; 220.39 [1]), all that Martin requires is the production of "some additional evidence establishing the existence of [the drug in question] to support [defendant's] convictions for [its sale]" (People v Martin, 81 AD3d at 1179; see People v Samuels, 99 NY2d 20, 24 [2002]; People v Mike, 92 NY2d 996, 998 [1998]). The People's evidence included intercepted telephone calls and text messages, the testimony of two of defendant's customers (also codefendants) and the laboratory analysis of heroin recovered from one of the customers and from defendant's residence. We are satisfied that the evidence, when viewed in its totality, was legally sufficient to establish that defendant had the intent and ability to sell heroin at the time of each and every one of the sales for which he was charged (see People v Wright, 2016 NY Slip Op 03550 at *2; People v Williams, 138 AD3d 1233, 1234-1236 [2016]; People v Whitehead, 130 AD3d 1142, 1145 [2015], lv granted 26 NY3d 1043 [2015]).[1]

_____

[1] We also conclude that the evidence is legally sufficient to sustain defendant's convictions for criminal possession of a controlled substance in the third degree and attempted criminal possession of a controlled substance in the third degree (see

While defendant's contention that the People failed to adequately prove that he knowingly participated in a criminal enterprise is unpreserved for our review (see People v Andrews, 127 AD3d 1417, 1419 [2015], lv denied 25 NY3d 1159 [2015]; People v Lloyd, 118 AD3d 1117, 1119 n 1 [2014], lv denied 25 NY3d 951 [2015]), we will evaluate whether the elements of the offense of enterprise corruption were established as part of our weight of the evidence review (see People v Scott, 129 AD3d 1306, 1307 [2015], lvs denied 26 NY3d 1089, 1092 [2015]; People v Junior, 119 AD3d 1228, 1229 [2014], lv denied 24 NY3d 1044 [2014]). Viewing the People's evidence in a neutral light and according deference to the jury's credibility determinations (see People v Scaringe, 137 AD3d 1409, 1416 [2016]; People v Martin, 136 AD3d 1218, 1219 [2016]), we are satisfied that the jury's verdict convicting defendant of enterprise corruption was not against the weight of the evidence (see People v Keschner, 25 NY3d 704, 719-720 [2015]; People v Kancharla, 23 NY3d 294, 304-306 [2014]; People v Wright, 2016 NY Slip Op 03550 at *3). Further, with the exception of defendant's conviction for conspiracy in the second degree, we find that the remainder of the verdict was also in accord with the weight of the evidence.

Defendant next argues that he was deprived of his right to a fair trial by the People's presentation of prior bad act evidence consisting of four recorded telephone calls in which he and Wright discussed their willingness to kill certain fellow gang members who they believed to be "snitches." Defendant claims that although County Court may have properly allowed the recordings to be played at his joint trial with Wright because Wright was charged with attempted murder, they did not pertain to his own case and, instead, showed only his propensity to commit a crime (see People v Molineux, 168 NY 264, 293 [1901]). However, defendant failed to preserve this issue for our review, as he "raised no specific arguments at the [pretrial] hearing on the issue of admissibility or prejudicial effect of these [recordings]" (People v Tyrell, 82 AD3d 1352, 1356 [2011], lv

Penal Law §§ 110.00, 220.16).

denied 17 NY3d 810 [2011]).[2]  Were we to address defendant's
argument, we would find it to be without merit.  To the extent
that this evidence pertains to defendant's case, it constitutes
additional evidence of enterprise corruption because it was
probative of the organizational expectation of extreme loyalty
from the gang's membership and defendant's support for its method
of disciplining members who disobeyed the gang's rules (see Penal
Law §§ 460.10 [b] [3]; 460.20 [1]; People v Kancharla, 22 NY3d at
304-306; People v Western Express Intl., Inc., 19 NY3d 652, 658
[2012]).

        Defendant's contention that his trial counsel was
ineffective for failing to move to suppress the fruits of the
eavesdropping warrant — i.e., the recordings of the cellular
telephone calls at the heart of the People's proof — is
foreclosed by our holding in People v Wright (2016 NY Slip Op
03550 at *5), where we rejected an identical argument advanced by
Wright regarding his own counsel's purported ineffectiveness.

        Finally, defendant's sentence was not unduly harsh or
excessive.  "Although the sentence imposed was significantly
longer than that offered during plea negotiations, this disparity
alone does not establish that defendant was punished for going to
trial in the absence of any other record support" (People v
Acevedo, 118 AD3d 1103, 1108 [2014], lv denied 26 NY3d 925
[2015]; see People v Nichol, 121 AD3d 1174, 1178 [2014], lv
denied 25 NY3d 1205 [2015]).  Furthermore, while defendant

---

        [2]  Similarly unpreserved are defendant's additional
assertions that he was prejudiced by County Court's failure to
issue a limiting instruction confining the jury's consideration
of the telephone recordings to the issue of Wright's intent to
commit attempted murder and by the People's comments on the
recordings during their closing.  Defendant did not explicitly
request a limiting instruction (see People v Nicholson, 26 NY3d
813, 830 [2016]; People v Jordan, 193 AD2d 890, 893 [1993], lv
denied 82 NY2d 756 [1993]), nor did he object to the relevant
portion of the People's closing (see People v Houck, 101 AD3d
1239, 1240 [2012]; People v Delosh, 2 AD3d 1047, 1049 [2003], lv
denied 1 NY3d 626 [2004]).

attempts to diminish the seriousness of his crimes by characterizing himself as "the quintessential non-violent offender," he is hardly a petty criminal. Rather, defendant stands convicted of 35 crimes for his role as a key player in a major drug trafficking and distribution enterprise. He also has a long history of prior convictions and has served multiple stints in jail for those crimes as well as for multiple parole violations. Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (see People v Lee, 129 AD3d 1295, 1300 [2015], lv denied ___ NY3d ___ [Apr. 5, 2016]; People v Souffrant, 104 AD3d 992, 993 [2013], lv denied 21 NY3d 1010 [2013]; People v Burroughs, 64 AD3d 894, 898-899 [2009], lv denied 13 NY3d 794 [2009]).

Lahtinen, J.P., McCarthy, Garry and Aarons, JJ., concur.


ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of conspiracy in the second degree under count 194 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court