■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS ROBLES, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered August 5, 1988, which convicted defendant, upon his plea of guilty, of attempted robbery in the first degree and sentenced him to a prison term of 5 to 10 years, unanimously affirmed.

Defendant was indicted for the gunpoint robbery of a cab driver. During trial, after the cab driver testified, defendant pleaded guilty. Defendant contends that he pleaded guilty because his right to confront witnesses against him was curtailed by the restriction the trial court imposed on counsel which prevented him from fully and effectively cross-examining the complainant regarding matters raised by codefendant's counsel. Defendant points out that upon cross-examination inconsistencies were brought out, and that he was entitled to further latitude in cross-examination.

The trial court is vested with the discretion to determine the extent of cross-examination. *(Smith v Illinois,* 390 US 129,

132.) Whether the trial court abused its discretion in limiting the cross-examination need not be reached by this court because defendant has forfeited his right to appellate review of this issue. "Forfeiture occurs by operation of law as a consequence of a guilty plea, with respect to issues which as a matter of policy the law does not permit to survive such a plea." *(People v Thomas,* 53 NY2d 338, 342, n 2.) A defendant by pleading guilty forfeits appellate review of nonjurisdictional issues. *(People v Fernandez,* 67 NY2d 686, 688.) The factual issue of defendant's guilt is thereby removed from the case. Defendant's claim that he was unduly limited in cross-examination of the complainant goes to the factual sufficiency of the evidence against him. The guilty plea indicated the end of litigating defendant's guilt and the waiver of certain constitutional rights including the right of confrontation. *(People v Taylor,* 65 NY2d 1, 5.) Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.