◾ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL BELIZAIRE, Respondent. [651 NYS2d 574] —Appeal by the People from so much of an order of the Supreme Court, Kings County (Friedman, J.), dated January 31, 1996, as granted the branch of the defendant's motion which was to dismiss the second count of the indictment charging him with assault in the first degree.

Ordered that the order is affirmed insofar as appealed from.

The defendant allegedly injured another while operating his vehicle at a time when more than 10 suspensions of his license were in effect. The indictment charged him with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]) and assault in the first degree (Penal Law § 120.10 [4] [felony assault]). The court

determined that the evidence before the Grand Jury was legally sufficient as to the first count of the indictment but not the second count and dismissed it. We affirm.

Aggravated unlicensed operation of a motor vehicle in the first degree may not serve as the underlying felony for assault in the first degree (*cf., People v Snow,* 138 AD2d 217, *affd* 74 NY2d 671). A court "must be careful to construe provisions of the Penal Law 'according to the fair import of their terms to promote justice and effect the objects of the law' (Penal Law § 5.00) and to avoid extending criminal responsibility beyond the fair scope of the legislative mandate" (*People v Snow, supra,* at 219). While the Legislature clearly intended to impose criminal penalties on intoxicated drivers who cause injury and death (*see,* Penal Law §§ 120.03, 120.04, 125.12, 125.13), the People failed to establish any intent on the part of the Legislature to impose greater criminal liability on the defendant for his conduct than the Class E felony of aggravated unlicensed operation of a motor vehicle in the first degree. The interpretation of the Penal Law advocated by the People would lead to an unjust and unreasonable result, as a defendant who injures another while driving with a suspended license would be subject to a greater criminal penalty (a Class C felony) than an intoxicated driver, who, with criminal negligence causes the death of another (vehicular manslaughter in the second degree, a Class D felony). Accordingly, the Supreme Court properly dismissed the second count of the indictment which charged the defendant with felony assault. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.