FOURTH DEPARTMENT, DECEMBER, 2005

(December 8, 2005)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RUCINSKI, Appellant. [808 NYS2d 511]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered April 29, 2004. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, assault in the second degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, one count of assault in the second degree (Penal Law § 120.05 [6]), and two counts of felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]). Although defendant failed to preserve for our review his contention that a felony DWI may not serve as the predicate felony for the charge of assault in the second degree, we conclude that this case falls within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Count one of the indictment charged defendant with assault in the second degree under Penal Law § 120.05 (6), i.e., when "[i]n the course of and in furtherance of the commission or attempted commission of a felony . . . [defendant] causes physical injury to a person other than one of the participants" in the felony. The predicate offenses here were the felony DWI charges under Vehicle and Traffic Law § 1192 (2) and (3). We previously determined in *People v Snow* (138 AD2d 217, 219 [1988], *affd* 74 NY2d 671 [1989]) with respect to assault in the first degree that "DWI should not be considered a felony for purposes of" liability under an "[i]n the course of and in furtherance of" provision equivalent to that herein, with respect to assault in the second degree. As we noted in *Snow*, the Legislature created a statutory framework for vehicular assaults and the heightened risks posed by intoxicated drivers in enacting Penal Law §§ 120.03 and 120.04, thereby rendering reliance upon general assault statutes inappropriate in cases involving vehicular assaults (*see id.* at 219-220). In addition, here, as in *Snow*, the felony assault conviction "is based purely on strict liability" arising from the felony DWI charges (*id.* at

221), yet proof of intent to commit the underlying felony is a requirement under the felony assault statute (*see id.* at 220-221; *see also People v Huck*, 1 AD3d 935, 937 [2003]). We thus conclude that a felony DWI may not serve as the underlying felony for assault in the second degree and that reversal of that part of the judgment convicting defendant of assault therefore is required (*see Snow*, 138 AD2d at 219-222; *see also People v Belizaire*, 234 AD2d 467, 468 [1996], *lv denied* 89 NY2d 1032 [1997]), and we modify the judgment accordingly.

Contrary to the People's contention, the fact that a defendant may enter a valid plea of guilty to a "nonexistent crime" is of no moment because such a plea is valid if it is in satisfaction of an indictment charging a crime with a heavier penalty, and here defendant pleaded guilty to all of the crimes for which he was indicted (*People v Martinez*, 81 NY2d 810, 812 [1993]; *see generally People v Keizer*, 100 NY2d 114, 118 n 2 [2003]; *People v Ford*, 62 NY2d 275, 283 [1984]; *People v King*, 175 AD2d 411, 412 [1991], *lv denied* 78 NY2d 1078 [1991]).

Contrary to defendant's further contention, the sentences imposed on the remaining counts are not unduly harsh or severe. Finally, in view of our determination with respect to count one of the indictment, we do not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.