■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SULTAN AL SABAH DANTATA, Appellant. [866 NYS2d 110]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 13, 2004, convicting defendant, after a jury trial, of grand larceny in the second and third degrees and scheme to defraud in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 11 to 22 years, unanimously affirmed.

Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence of defendant's guilt, including his own admissions, and there is no basis for disturbing the jury's determinations concerning credibility. The evidence established that defendant made misrepresentations to his victims as to his status for the purpose of obtaining loans that he never intended to repay, as well as making other thefts.

Defendant did not preserve his claim that the People failed to lay a satisfactory foundation for the introduction of physical evidence found in his apartment and identified by the victims as items he used in misrepresenting his status and identity, and we decline to review it in the interest of justice. As an alternative holding, we find it without merit. Since the victims' testimony sufficiently authenticated these items, there was no need to also establish a chain of custody (*see People v Javier*, 210 AD2d 118 [1994], *lv denied* 85 NY2d 863 [1995]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they primarily involve matters outside the record concerning counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v*

*Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ.