OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed.
The People charged defendant with, among other things, “refusal to take a breath test” pursuant to Vehicle and Traffic Law § 1194 (1) (b), based on defendant’s refusal to submit to a roadside field test, via a portable breath test device, to determine whether defendant had consumed alcohol. Defendant moved, among other things, to dismiss, as jurisdictionally defective, the accusatory instrument, citing a series of cases of this court holding that the statute “does not make out a cognizable offense.” In opposition, the People argued that the cited decisions misapprehended the law and were incorrectly decided, and that Vehicle and Traffic Law § 1800 (a) provides a penal sanction for such a refusal. The People appeal from so much of an order of the District Court as granted the branch of defendant’s motion seeking to dismiss the accusatory instrument charging defendant with violating Vehicle and Traffic Law § 1194 (1) (b).
Although Vehicle and Traffic Law § 1194 (1) (b) requires an operator to submit to a properly requested field test of his or her breath to determine whether there is alcohol in the operator’s blood, unlike Vehicle and Traffic Law § 1194 (2), the statute does not provide for sanctions in the event the operator refuses to submit to such a test (cf. Vehicle and Traffic Law § 1194 [2] [b] [1]; [d]), nor are warnings of the consequences of refusal required (cf Vehicle and Traffic Law § 1194 [2] [b] [1]; [c]), notwithstanding that the field test may be requested on less than probable cause (cf Vehicle and Traffic Law § 1194 [2] *61 [a] [1]; [b] [1]). Thus, we cannot agree that Vehicle and Traffic Law § 1800 (a), which would provide for a penalty of incarceration were such refusal chargeable as a traffic infraction, is an appropriate basis for a sanction where no such penalty is provided when a person, in custody, refuses chemical testing (see People v Wrenn, 52 Misc 3d 141[A], 2016 NY Slip Op 51193 [U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Carron, 51 Misc 3d 135[A], 2016 NY Slip Op 50555[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v McMahon, 43 Misc 3d 140[A], 2014 NY Slip Op 50812[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Sorhaindo, 42 Misc 3d 140[A], 2014 NY Slip Op 50177[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Accordingly, the order, insofar as appealed from, is affirmed.
Tolbert, J.P., Iannacci and Brands, JJ., concur.