The People of the State of New York, Respondent,
against
Joseph Malfetano, Appellant.




John R. Lewis, for appellant.
Westchester County District Attorney (William C. Milaccio and Steven A. Bender of counsel), for respondent.

Appeal from judgments of the City Court of New Rochelle, Westchester County (Anthony A. Carbone, J.), rendered November 21, 2016. The judgments convicted defendant, after a nonjury trial, of driving while intoxicated (common law) and refusing to submit to a breath test, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of refusing to submit to a breath test is reversed, on the law, and the accusatory instrument charging that offense is dismissed; and it is further,
ORDERED that the judgment convicting defendant of driving while intoxicated (common law) is affirmed.
The People charged defendant, in simplified traffic informations, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), drinking an alcoholic beverage in a motor vehicle on a public highway (Vehicle and Traffic Law § 1227 [1]), refusing to submit to a breath test (Vehicle and Traffic Law § 1194 [1] [b]), driving without wearing a seat belt (Vehicle and Traffic Law § 1229-c [3]), and failing to dim headlights (Vehicle and Traffic Law § 375 [3]). After a nonjury trial, defendant was convicted of driving while intoxicated (common law) and of refusing to submit to a breath test, and acquitted of the remaining charges. 
At trial, the arresting officer testified that when defendant, who had been involved in a multivehicle traffic accident, had exhibited several indicia of intoxication, the officer administered standardized field sobriety tests which defendant did not successfully perform. A video recording of the tests was played at the trial before the People had established the requisite foundation for the recording's admission into evidence. Defendant does not contend that the subsequent testimony of a People's witness was insufficient to establish that foundation (see People v Patterson, 93 NY2d 80 [1999]; People v Messina, 43 Misc 3d 78 [App Term, 2d Dept, [*2]9th & 10th Jud Dists 2014]), only that the authentication did not precede the exhibit's presentation to the court (see e.g. People v Price, 29 NY3d 472, 476 [2017] [satisfying an authentication requirement "is . . . a condition precedent to admitting evidence"] [internal quotation marks omitted]). However, a claim that a recording was played without a proper authentication must be preserved for appellate review (see CPL 470.05 [2]; People v Heard, 92 AD3d 1142, 1144-1145 [2012]; People v Dantata, 55 AD3d 404, 404 [2008]; People v Brown, 214 AD2d 679, 679 [1995]), and, here, the defense stated no objection when the People offered the video recording for the trial court's review, waiting until after the recording had been played four times, all or in part, before raising the objection that the recording, which had been marked only for identification, had been played prior its authentication. The City Court overruled the objection, whereupon the prosecutor elicited the authentication testimony before the exhibit was admitted into evidence. Thus, if the claim of error is limited to the procedure adopted—that the authentication followed rather than preceded the introduction of the evidence—the objection was untimely. In any event, we perceive no prejudice to the defense in the particular order of proof accepted by the trial court.
Defendant also alleges error with respect to the court's having sustained certain of the prosecutor's objections to defense counsel's questions of defendant's medical expert as to whether a head wound, if suffered during the automobile accident, could have caused most of the physical and behavioral signs that defendant exhibited during the standardized field sobriety tests which, the police witnesses testified, represented indicia of intoxication. However, the court properly sustained objections to most of the questions posed. Viewed as a whole, the testimony reveals that the expert was allowed sufficient opportunity to state his medical opinion that defendant's failure to perform the field sobriety tests could be attributed to a traumatic head injury. 
However, we agree with defendant that his station house refusal to submit to a breath test did not establish a "cognizable offense" (People v Villalta, 56 Misc 3d 59, 60-61 [App Term, 2d Dept, 9th & 10th Jud Dists 2017] [and citations therein]; see e.g. People v Santiago, 56 Misc 3d 127[A], 2017 NY Slip Op 50813[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), whether it was a portable field test pursuant to Vehicle and Traffic Law § 1194 (1) (b) (see People v Villalta, 56 Misc 3d at 60), or a test authorized by Vehicle and Traffic Law § 1194 (2) (see People v Graziano, 19 Misc 3d 133[A], 2008 NY Slip Op 50692[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, the judgment convicting defendant of refusing to submit to a breath test is reversed and the accusatory instrument charging the offense is dismissed. The judgment convicting defendant of driving while intoxicated (common law) is affirmed.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2019