People v Bembry (2021 NY Slip Op 06235)





People v Bembry


2021 NY Slip Op 06235


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


746 KA 17-00904

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN A. BEMBRY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered March 7, 2017. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, as a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree, consumption or possession of alcohol in a motor vehicle and refusal to take a breath test. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of count four of the indictment, vacating the plea with respect to that count and dismissing that count, and vacating the fine imposed on count one of the indictment and imposing a fine in the sum of $500 on count two of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and "Refusal to Take Breath Test" (§ 1194 [1] [b]). County Court sentenced defendant to, among other things, a fine in the sum of $1,000 on count one, driving while intoxicated, but did not impose a fine on count two, aggravated unlicensed operation of a motor vehicle, and the court imposed concurrent indeterminate terms of incarceration on those two counts of the indictment. On appeal, defendant contends that the imposition of the fine on count one is unduly harsh and severe.
Initially, we note that the sentence imposed on count two of the indictment is illegal because a fine of between $500 and $5,000 is mandatory upon a conviction of aggravated unlicensed operation of a motor vehicle in the first degree, even where, as here, the court also imposes a sentence of incarceration (see Vehicle and Traffic Law § 511 [3] [b]; People v Eron, 79 AD3d 1774, 1775 [4th Dept 2010]; People v Barber, 31 AD3d 1145, 1145-1146 [4th Dept 2006]). Furthermore, "[n]either County Court nor this Court possesses interest of justice jurisdiction to impose a sentence less than the mandatory statutory minimum" (People v Clark, 176 AD2d 1206, 1206-1207 [4th Dept 1991], lv denied 79 NY2d 854 [1992]; see People v Dexter, 104 AD3d 1184, 1185 [4th Dept 2013]). " 'Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (People v Davis, 37 AD3d 1179, 1180 [4th Dept 2007], lv denied 8 NY3d 983 [2007]; see People v Campagna, 172 AD3d 1904, 1905 [4th Dept 2019]). "In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence" (People v Perrin, 94 AD3d 1551, 1551 [4th Dept 2012]), and we therefore modify the judgment by imposing the statutory minimum fine in the sum of $500 on count two of the indictment, in addition to the previously imposed parts of the sentence on that count.
We agree with defendant that the sentence, as modified, is unduly harsh and severe [*2]insofar as it imposes a fine of $1,000 on count one of the indictment. Consequently, we further modify the judgment as a matter of discretion in the interest of justice by vacating the fine imposed on that count.
Finally, we note that the Appellate Term, Second Department, has repeatedly stated that a defendant's "refusal to submit to a breath test did not establish a 'cognizable offense' " (People v Malfetano, 64 Misc 3d 135[A], 2019 Slip Op 51147[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; see People v Villalta, 56 Misc 3d 59, 60-61 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], lv denied 29 NY3d 1135 [2017]; People v Wrenn, 52 Misc 3d 141[A], 2016 NY Slip Op 51193[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2016], lv denied 28 NY3d 1032 [2016]; see generally People v Thomas, 46 NY2d 100, 108 [1978], appeal dismissed 444 US 891 [1979]). We agree, and we therefore further modify the judgment by reversing that part convicting defendant of count four of the indictment, vacating the plea with respect to that count of the indictment and dismissing that count.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court