People v Harris (2022 NY Slip Op 00568)





People v Harris


2022 NY Slip Op 00568


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


944 KA 17-00505

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TSHOMBE A. HARRIS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 3, 2017. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, unlawful fleeing a police officer in a motor vehicle in the third degree, operating a motor vehicle not equipped with a court ordered ignition interlock device, reckless driving, and refusal to submit to a breath test. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of refusal to submit to a breath test and dismissing count 16 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25), operating a motor vehicle not equipped with a court ordered ignition interlock device (Vehicle and Traffic Law § 1198 [9] [d]), reckless driving (§ 1212), and refusal to submit to a breath test (§ 1194 [1] [b]).
As a preliminary matter, inasmuch as defendant was convicted by the jury of the nonexistent offense of refusal to submit to a breath test, we modify the judgment by reversing that part convicting him of count 16 of the indictment and dismissing that count (see People v Adams, — AD3d &mdash, — [Jan. 28, 2022] [4th Dept 2022]; People v Bembry, 199 AD3d 1340, 1342 [4th Dept 2021]; see also People v Martinez, 81 NY2d 810, 811-812 [1993]).
Defendant's contention that the evidence is not legally sufficient to support the conviction is preserved for our review only to the extent that he challenges the counts of DWI as a class D felony, unlawful fleeing a police officer in a motor vehicle in the third degree, and reckless driving (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction with respect to those counts (see People v Watkins, 180 AD3d 1222, 1230 [3d Dept 2020], lv denied 35 NY3d 1030 [2020]; People v Goldblatt, 98 AD3d 817, 819 [3d Dept 2012], lv denied 20 NY3d 932 [2012]; People v McGraw, 57 AD3d 1516, 1517 [4th Dept 2008]).
We also reject defendant's contention that the verdict is against the weight of the evidence. Based on our dismissal of count 16, we do not address defendant's contention with respect to that count. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]; People v [*2]Shank, 26 AD3d 812, 813-814 [4th Dept 2006]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in allowing the People to introduce evidence of his prior bad acts that occurred during a previous arrest for DWI. Even assuming, arguendo, that the court erred in admitting that evidence (see generally People v Leonard, 29 NY3d 1, 6-8 [2017]; People v Hudy, 73 NY2d 40, 54-56 [1988], abrogated on other grounds by Carmell v Texas, 529 US 513 [2000]), we conclude that any error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). The evidence of defendant's guilt is overwhelming (see People v Dean, 145 AD3d 1633, 1633 [4th Dept 2016], lv denied 29 NY3d 996 [2017]; People v Donaldson, 46 AD3d 1109, 1110 [3d Dept 2007]; People v Erickson, 156 AD2d 760, 762-763 [3d Dept 1989], lv denied 75 NY2d 966 [1990]), and "there is no significant probability that the jury would have acquitted defendant if the allegedly improper Molineux evidence had been excluded" (People v Casado, 99 AD3d 1208, 1212 [4th Dept 2012], lv denied 20 NY3d 985 [2012]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]).
Finally, defendant contends that the court erred by failing to conduct a minimal inquiry into his complaints about defense counsel. That contention lacks merit. Defendant "failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]; see People v Morris, 183 AD3d 1254, 1255 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). Rather, defendant made only " 'vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense' " (People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]) and "conclusory assertions that he and defense counsel disagreed about . . . strategy" (People v Brady, 192 AD3d 1557, 1558 [4th Dept 2021], lv denied 37 NY3d 954 [2021]). In any event, we conclude that the court "conducted the requisite 'minimal inquiry' to determine whether substitution of counsel was warranted" (People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018], lv denied 32 NY3d 936 [2018], quoting People v Sides, 75 NY2d 822, 825 [1990]). The record establishes that the court "allowed defendant to air his concerns about defense counsel, and . . . reasonably concluded that defendant's vague and generic objections had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]), and "properly concluded that defense counsel was 'reasonably likely to afford . . . defendant effective assistance' of counsel" (People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014], quoting People v Medina, 44 NY2d 199, 208 [1978]; see Chess, 162 AD3d at 1579).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court