People v Adams (2022 NY Slip Op 00562)





People v Adams


2022 NY Slip Op 00562


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


726 KA 21-00555

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES ADAMS, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 5, 2018. The judgment convicted defendant, upon a plea of guilty, of driving while intoxicated, as a class E felony, refusal to submit to a breath test and failure to keep right. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing that part convicting defendant of count two of the indictment, vacating defendant's guilty plea to that count and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [4] [i]), "refus[ing a] breath test" (§ 1194 [1] [b]), and failure to keep right (§ 1120 [a]). Defendant pleaded guilty in the middle of trial after Supreme Court denied his request for a mistrial stemming from an evidentiary issue that arose during witness testimony.
Subject to an exception that does not apply here (see People v Rucinski, 24 AD3d 1171, 1173 [4th Dept 2005]; People v Roe, 191 AD2d 844, 845 [3d Dept 1993]), a conviction for a nonexistent offense constitutes a "fundamental" error that "cannot be waived" (People v Martinez, 81 NY2d 810, 812 [1992]), need not be preserved (see People v Gant, 189 AD3d 2160, 2161 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]), and is not forfeited by a guilty plea (see People v Bethea, 61 AD3d 1016, 1017 [3d Dept 2009]; Rucinski, 24 AD3d at 1173; Roe, 191 AD2d at 845). We are obligated to correct such a fundamental error sua sponte despite the parties' failure to brief the issue (see People v McCann, 126 AD3d 1031, 1034 [3d Dept 2015], lv denied 25 NY3d 1167 [2015]; Bethea, 61 AD3d at 1017). In this case, the purported traffic infraction to which defendant pleaded guilty under count two of the indictment—refusing the breath test mandated by Vehicle and Traffic Law § 1194 (1) (b)—is not a cognizable offense for which a person may be charged or convicted in a criminal court (see People v Bembry, 199 AD3d 1340, 1342 [4th Dept 2021]; People v Malfetano, 64 Misc 3d 135[A], 2019 NY Slip Op 51147[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Villalta, 56 Misc 3d 59, 60-61 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], lv denied 29 NY3d 1135 [2017]; see generally People v Prescott, 95 NY2d 655, 659 [2001]; People v Thomas, 46 NY2d 100, 108 [1978], appeal dismissed 444 US 891 [1979]). We therefore modify the judgment accordingly (see e.g. People v Santiago, 56 Misc 3d 127[A], 2017 NY Slip Op 50813[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Wrenn, 52 Misc 3d 141[A], 2016 NY Slip Op 51193[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016], lv denied 28 NY3d 1032 [2016]; People v Carron, 51 Misc 3d 135[A], 2016 NY Slip Op 50555[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
As so modified, we affirm the judgment. By pleading guilty, defendant forfeited his challenge to the merits of the court's mistrial ruling (see e.g. People v Alvarado, 103 AD3d 1101, [*2]1101 [4th Dept 2013], lv denied 21 NY3d 910 [2013]; People v Robles, 160 AD2d 252, 252-253 [1st Dept 1990], lv denied 76 NY2d 795 [1990]; People v Pampalone, 48 Misc 3d 129[A], 2015 NY Slip Op 50982[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see generally People v West, 184 AD2d 743, 744 [2d Dept 1992], lv denied 81 NY2d 767 [1992]). Contrary to defendant's related contention, the court's mistrial ruling did not constitute coercion that negated the voluntariness of his subsequent guilty plea (see People v Lawson, 94 AD2d 809, 809-810 [3d Dept 1983]; People v Jones, 81 AD2d 22, 45-49 [2d Dept 1981]; see generally Bordenkircher v Hayes, 434 US 357, 364 [1978]; cf. People v Grant, 61 AD3d 177, 182-184 [2d Dept 2009]). Contrary to defendant's further contention, "it is well established that [his] monosyllabic . . . responses to questioning by [the court did] not render his plea unknowing and involuntary" (People v Rathburn, 178 AD3d 1421, 1421 [4th Dept 2019], lv denied 35 NY3d 944 [2020] [internal quotation marks omitted]).
Defendant's remaining contention is academic. Finally, we note that the uniform sentence and commitment form fails to reflect defendant's conviction of and sentence for the traffic infraction of failing to keep right (Vehicle and Traffic Law § 1120 [a]) under count three of the indictment, and the form must be corrected accordingly.
All concur except Troutman, J., who is not participating.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court