People v Alim (2022 NY Slip Op 02671)

People v Alim

2022 NY Slip Op 02671

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

218 KA 17-01629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMI A. ALIM, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered August 4, 2017. The judgment convicted defendant upon a jury verdict of driving while intoxicated, a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree, criminal mischief in the fourth degree (two counts), aggravated unlicensed operation of a motor vehicle in the third degree, reckless driving, leaving the scene of a property damage accident and refusal to take a breath test. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of count nine of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, among other things, driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and "refusal to take breath test" (§ 1194 [1] [b]), defendant contends that County Court erred in admitting certain evidence during the prosecutor's redirect examination of a police witness. We reject that contention.
During voir dire, defense counsel questioned the prospective jurors about whether they would feel comfortable in determining whether a person was in an intoxicated condition without having seen that person before and, in her opening statement, defense counsel indicated that the Rochester Police Officer who observed defendant and placed him under arrest had never seen him before that incident. Defense counsel also questioned the officer on cross-examination regarding the fact that he had never observed defendant prior to this arrest. On redirect examination, over defendant's objection, the court permitted the prosecutor to question the officer regarding a subsequent occasion on which the officer interacted with defendant for 40 to 45 minutes and observed that defendant sounded clear and articulate, that he walked without staggering or stumbling, and that his eyes were clear, all of which differed from the officer's observations of defendant on the day of the incident.
Initially, we note that the evidence of the officer's observations of defendant in a non-intoxicated condition on another occasion was admissible to show that, on the day at issue here, defendant's "body's responses differed from those of a sober person" (People v Hager, 69 NY2d 141, 142 [1987]; see e.g. People v Rundblad, 154 AD2d 746, 747 [3d Dept 1989]). Furthermore, it is well settled that the "scope of redirect examination falls within the trial court's sound discretion" (People v Greene, 13 AD3d 991, 993 [3d Dept 2004], lv denied 5 NY3d 789 [2005]; see People v Mack, 128 AD3d 1456, 1457 [4th Dept 2015], lv denied 26 NY3d 969 [2015]). Even assuming, arguendo, that the evidence was otherwise inadmissible on the People's direct case, we reject defendant's contention that the court erred in concluding that defense counsel opened the door to the admission of the officer's observations on the subsequent date. The court "was well within its discretion in concluding that the course defendant wanted to take would [*2]mislead the jury, and that the jury should hear about [the officer's observations]" (People v Massie, 2 NY3d 179, 185 [2004]; see People v Bedell, 55 AD3d 1397, 1398 [4th Dept 2008], lv denied 11 NY3d 922 [2009]). This is not a case in which the prosecution offered evidence that was " 'remote' or 'tangential' to the subject matter the defendant brought up," and the court had ample basis for concluding that the testimony regarding the subsequent observation was " 'necessary to meet' " the impression created by the defense (Massie, 2 NY3d at 185; see Bedell, 55 AD3d at 1398). Moreover, any error in admitting the evidence was harmless inasmuch as the evidence of defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant if the evidence had not been introduced (see generally People v Kello, 96 NY2d 740, 744 [2001]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Finally, we note that defendant's "refusal to submit to a breath test did not establish a cognizable offense" (People v Bembry, 199 AD3d 1340, 1342 [4th Dept 2021], lv denied 37 NY3d 1159 [2022] [internal quotation marks omitted]; see People v Adams, 201 AD3d 1311, 1312 [4th Dept 2022]; see generally People v Thomas, 46 NY2d 100, 108 [1978], appeal dismissed 444 US 891 [1979]). We therefore modify the judgment by reversing that part convicting defendant of count nine of the indictment and dismissing that count (see Adams, 201 AD3d at 1312; People v Harris, 201 AD3d 1327, 1327-1328 [4th Dept 2022]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court