People v Shirley (2022 NY Slip Op 05631)

People v Shirley

2022 NY Slip Op 05631

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

678 KA 21-01232

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLINT T. SHIRLEY, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered July 8, 2021. The judgment convicted defendant upon a nonjury verdict of, inter alia, aggravated driving while intoxicated, driving while intoxicated, endangering the welfare of a child (two counts), and "refusal to submit to a field screening device." 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of count seven of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant was convicted following a nonjury trial of, inter alia, one count of aggravated driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [2-a] [b]; 1193 [1] [c] [i] [B]), one count of DWI as a misdemeanor (§ 1192 [3]), two counts of endangering the welfare of a child (Penal Law § 260.10 [1]), and one count of "refusal to submit to a field screening device" (Vehicle and Traffic Law § 1194 [1] [b]).
Defendant contends that his arrest was unlawful because the police lacked probable cause to believe that he was intoxicated, and that County Court therefore erred in denying his request to suppress his post-arrest refusal to submit to a chemical test. We reject that contention. A New York State Trooper lawfully stopped defendant's vehicle for having an expired inspection sticker. While conversing with defendant, the Trooper noticed that defendant emitted an odor of alcohol and admitted that he may have consumed a beer. Defendant then refused to submit to an Alco-Sensor test and failed all three field sobriety tests he was asked to perform. "Although an Alco-Sensor test is not admissible as evidence of intoxication, breath screening devices have won acceptance as being sufficiently reliable to establish probable cause for an arrest" (People v Thomas, 121 AD2d 73, 76 [4th Dept 1986], affd 70 NY2d 823 [1987]), and a refusal to submit to a breath screening device, such as the Alco-Sensor, can be considered in determining whether an arrest is lawful (see People v Moskal, 262 AD2d 986, 987 [4th Dept 1999]). We conclude from the totality of the circumstances that the Trooper had probable cause to believe that defendant was driving in violation of Vehicle and Traffic Law § 1192 (see People v Lewis, 147 AD3d 1481, 1481 [4th Dept 2017]; People v Gibeau, 55 AD3d 1303, 1304 [4th Dept 2008], lv denied 12 NY3d 758 [2009]).
We reject defendant's further contentions that the evidence is legally insufficient to establish that he was intoxicated and that the verdict with respect to the counts of DWI, aggravated DWI, and endangering the welfare of a child is against the weight of the evidence in that regard. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" from which the court could find that defendant was intoxicated when he operated his motor vehicle (People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the weight of the evidence, viewing the evidence in light of the elements of the crimes of DWI, [*2]aggravated DWI, and endangering the welfare of a child in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that his "refusal to submit to a [field screening device] did not establish a cognizable offense" (People v Alim, 204 AD3d 1418, 1419 [4th Dept 2022], lv denied 38 NY3d 1068 [2022] [internal quotation marks omitted]; see People v Bembry, 199 AD3d 1340, 1342 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]). We therefore modify the judgment by reversing that part convicting defendant of count seven of the indictment and dismissing that count.
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court