People v Goldman (2024 NY Slip Op 50537(U))

[*1]

People v Goldman

2024 NY Slip Op 50537(U)

Decided on May 7, 2024

Justice Court Of The Village Of Tuckahoe, Westchester County

Fuller Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2024
Justice Court of the Village of Tuckahoe, Westchester County

The People of the State of New York,

against
Farrell Goldman, Defendant.

Docket No. 23090019

Miriam E. Rocah, District Attorney (Gregory Allen, Assistant District Attorney, of Counsel), for Plaintiff
Barker Epstein Kearon & LoTurco, LLP, (Victoria E. Broderick and Steven B. Epstein, of Counsel) for Defendant.

David Otis Fuller Jr., J.

The Defendant, Farrell Goldman, was arrested on August 26, 2023 for Aggravated Driving While Intoxicated (Vehicle and Traffic Law ("VTL") (Section 1192 (2AA)), Driving While Intoxicated 1st Offense (VTL Section 1192 (03)), Speed Not Reasonable and Prudent (VTL Section 1180 (A)) and Refusal of Breath Screening Test (VTL Section 1194 (1b)), on Columbus Avenue in the Village of Tuckahoe.
Mr. Goldman was arraigned on September 5, 2023. On October 2, 2023, the People sent a Discovery Demand to the Tuckahoe Police Department. Affirmation in Opposition of ADA Allen, dated April 2, 2024, p. 6. The case was first adjourned to October 17, 2023 with the People being charged for the time until October 3, 2023, and the defendant being charged for the time between October 3, 2023 and October 17, 2023. At the defendant's request and with the People's consent, the case was later advanced to October 3, 2023 with the People being charged the 28 days from September 5, 2023 to October 3, 2023 and another 28 days from October 3, 2023 to October 31, 2023. On October 31, 2023 it was adjourned at the people's request to November 21, 2023, for a total number of days to 77. On November 21, 2023, the case was adjourned at the People's request to December 5, 2023 for a total of 91 days. Before that date, on November 29, 2023, the People served and filed a Certificate of Compliance, ("COC") by email, 85 days after arraignment, which included the Statement of Trial Readiness ("STR") required by Criminal Procedure Law ("CPL") §30.30 and a Discovery Disclosure Index ("DCI"). This submission was within the 90-day deadline set by CPL §30.30 for misdemeanors.
On December 7, 2023, defense attorney Steven Epstein emailed a letter to ADA Gregory Allen stating that the People's COC was invalid because he had not turned over the following:
1. Certifications of the simulator solutions used during the calibration of the breath-test device,
2. Sgt. Aubry's SFST certification, the arrest log, and the detention log, and
3. Sufficient information related to the expert witness identified; "a written statement of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."
On December 11, 2023, ADA Allen emailed a Supplemental Certificate of Compliance ("SCOC") which contained the information requested in the expert witness claim (No.3) and said that "the people inadvertently did not previously provide a written statement of facts and opinions concerning expert witness Christopher Cording."
As for the remaining requests in the letter, the SCOC stated under the heading "Not Previously Disclosed Because It Did Not Exist" ("NPD") "that the People [had] reached out to the Tuckahoe Police Department via email. Once the People received a response from the Tuckahoe PD, the People forwarded the email chain to the defense."
On December 15, 2023, Steven Epstein, Esq. emailed a letter to ADA Allen stating that the SCOC failed to provide Sgt. Aubry's SFST certification and must exercise due diligence and make good faith efforts to ascertain where the certification is kept, obtain it and turn it over to Mr. Goldman. It also stated that information about the expert's facts and opinions belatedly disclosed was "insufficient and conclusory." It did not say anything about the certifications or the simulator solution used.
On December 18, 2023, ADA Allen email a 2nd SCOC containing Sgt. Aubry's SFST certification. As a basis for delayed disclosures, the People said that they did not possess the certificate when the COC and SCOC were signed and filed and had been working collectively with the Tuckahoe Police Department ("TPD") to determine if it existed. On December 18, 2023, the People were advised by the TPD that Sgt. Aubry had the certificate, dated June 9-11, 1998, in his personal possession. On that same date the People turned it over to the Defense. 
Under the heading "Newly Disclosed Item" ("NDI"), the People identified text correspondence with the TPD in connection with the Defendant's discovery inquiry. Under NPD, the People stated that after the SCOC was served and filed, Defense counsel sent the People a letter raising several issues, the People reached out to the TPD via email and phone, received a text from the TPD, and provided that and an email chain to the Defense.
On March 28, 2024, ADA Allen emailed a 3rd SCOC. It listed Paul Brio, Sgt. Christopher Aubry and Daniel Belles as witnesses. For Sgt. Aubry, under "Other Basis for Delayed Disclosure ("OBDD"), it stated:
"At the time of the previous Certificate of Compliance and Supplemental Certificate(s) of Compliance, this information was not in the possession of the Westchester County District Attorney's Office. In light of People v. Hamizane, 2023 NY Slip Op 23233, Appellate Term, Second Department (July 13, 2023) and its application in some of the local courts within our jurisdiction, the People, through due diligence and good faith efforts, ascertained the existence of and obtained this newly disclosed material or information."
On April 5, 2024, ADA Allen emailed a 4th SCOC containing information about Christopher Cording and consented to the inspection of the Westchester County Department of Laboratories [*2]and Research Records.
On papers received March 7, 2024 the Defendant made an Omnibus Motion returnable April 16, 2024, for the following relief:
1. Ruling the People's Certificate of Compliance and Supplemental Certificate of Compliance invalid and dismissing the accusatory instrument on speedy trial grounds;
2. Suppressing testimony regarding any statements made by Mr. Goldman, for which §710.30(l Xa) notice was given:
3. Precluding the People from introducing evidence of any statement or identification testimony at trial for which proper and timely notice has not been given pursuant to CPL §710.30(3);
4. Dismissing the charge of VTL §1194(lXb), refusal to submit to a breath test;
5. Suppressing testimony and evidence obtained or discovered subsequent to Mr. Goldman's unlawful arrest, including but not limited to any and all chemical tests, video recordings of any kind, photographs and police observations of Mr. Goldman:

Defendant's Motion to Dismiss Accusatory Instrument for Invalid Certificate of 
 
 Compliance and Supplemental Certificate of Compliance on Speedy Trial Grounds
 The Defendant contends that the People failed to turn over Sgt. Aubry's Standardized Field Sobriety Test ("SFST") Certification discoverable pursuant to CPL 20 910(e) and sufficient expert written materials discoverable pursuant to CPL §245.20 (1)(f) prior to filing the COC on November 29, 2023 or the SCOC on December 11, 2023.
On December 7, 2023, Defendant's counsel emailed ADA Allen that he had not turned over the certification of the simulator solution, Sgt Aubry's SFST certification, the arrest log and the detention log and that he had failed to disclose sufficient information related to the expert witness he had identified, a written statement of the facts and opinions of the expert and a summary of the grounds for each opinion.
The People turned over Sgt. Aubry's SFST certification on December 18, 2023 and contrary to counsel's affirmation of March 4, 2024, did file a 2nd SCOC for the same date. 
With respect to Christopher Cording's expert opinion, the People filed a SCOC on December 11, 2023, stating that they disclosed discovery material that related to the expert Cording to the defense prior to the filing to the 2nd COC, but after correspondence with defense counsel and investigation, discovered that they had inadvertently not previously provided a written statement of facts and opinions to which the expert witness is expected to testify. Included in the SCOC was the facts and opinions statement as follows:
"Expert Witness Christopher Corning will testify regarding the operation of the breath test instrument utilized in this case, how the instrument functions, and why it was in proper working order on the date of the instant breath test. Mr. Cording will further testify as to the effects of alcohol on the human body as well as the adsorption rate of alcohol as it relates to the number of alcoholic beverages consumed."
On December 15, 2023, Mr. Epstein wrote a letter to the People stating, among other things, that the statement of facts and opinion to which the expert is expected to testify and a summary of the grounds for each opinion was "insufficient and conclusory."
As recognized by the New York Court of Appeals, the New York State Legislature "enacted sweeping reforms that expanded and restructured disclosure obligations in criminal [*3]cases, effective at the start of 2020." 
People v. Bay, _______ NY3d ________ (2023),Slip Opinion, p.1. A new requirement in CPL Article 245 required the People to file a certificate of compliance ("COC") with their statutory disclosure of objection exercising due diligence. Id. at 1-2. If not, the COC was not proper when filed and the People's statement of readiness was illusory. Id. at 2.
In Bay, after the prosecution had filed its COC and statement of readiness, defense counsel complained she had not been given a 911 call or police report. The prosecution asserted that the items did not exist. Later, the defense said she had not received an arrest or police report. In response to a question from the court whether a 911 call had been made, the prosecutor said there was none. Id. at 2. When the Court asked whether disclosure had been reasonably met, the prosecutor replied that "we have provided all disclosure" and that the People were "unaware of any evidence that hasn't been provided to the defense." Id. at 4.
One week before the anticipated trial date, defense counsel called the district attorney's office and spoke with another prosecutor who told her that the office had a police report. Later that day, the People served the defense with a copy of the domestic incident report ("DIR") and a police report on the next day, served a duplicate recording of the 911 call and a call detail report. The prosecutor did not explain why the People had overlooked the belated discovery. Id. at 4-5.
CPLR 245.20 requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecutor or persons under the prosecutor's direction or control." "The statute enumerates 21 categories of material subject to disclosure and provides that materials possessed by a New York state or local police or law enforcement agency are deemed in the People's possession for the purposes of the discovery requirements." The "COC" shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all know material and information subject to discovery." Id. at 8-9.
CPLR 245.60 required a continuing duty to disclose, and when People provide discovery after a COC has been filed, they must file a supplemental COC. "Although CPL 245.50(1) directs that [no] adverse consequences to the prosecution or the prosecutor shall result from the filing of a [COC] in good faith and reasonable under the circumstances,' it clarifies that a trial court may nevertheless grant discovery sanctions where provided in CPL 245.80." Id. at 9.
The prosecution is not deemed ready for trial for purposes of CPL 30.30 until it has filed a proper COC. Id. at 9. Under CPL 30.30, the People have 90 days for a misdemeanor after filing of the accusatory instrument to file the COC containing the statement of readiness. "[T]he court must grant a defendant's motion to dismiss on speedy trial grounds if the prosecution is not ready within the applicable time frame, "here 90 days. Id. at 10.
The court should only dismiss a charge or a sanction for a disclosure violation if it has considered all other remedies and concluded that dismissal "is appropriate and proportional to the prejudice suffered by the party." CPL 245.80(2)
"A supplemental COC [must] detail the basis for a delayed disclosure so the court can assess the validity of the original COC, which is not impeded so long as it was filed in good faith and after exercising due diligence, or the delayed discovery did not exist when it was filed. (See CPL 245.50[1a])"
"The "key question in determining if a proper COC has been filed is whether the prosecution has exercise[d] due diligence and ma[de] reasonable inquiries to ascertain the extent [*4]of material and information subject to discovery [CPL 245.50(1)]." There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor.' On the other hand, the plain terms of the statute make it clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence." Id. at 12
"Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a supplemental COC cannot compensate for failure to exercise due diligence before the initial COC is filed." "[Any] supplemental [COC] shall detail the basis for the delayed disclosure " CPL 245.50(1-a) Id. at 13-14, n.2
These principles will be applied in evaluating the facts that follow.
Defense counsel, after receiving the People's COC, dated November 29, 2023, wrote the People a letter, dated December 7, 2023, stating that he had not received the certificates of the simulator solutions for the breath test device, Sgt. Aubry's SFST certification, event log and detention log and a written statement of facts and opinions for the expert witness.
The People filed the SCOC, dated December 11, 2023, explaining that the records did not exist for the first two items and provided the defense with an email chain of correspondence with the TPD relating to his search. It also mentioned that it had inadvertently not provided the third item, but provided it to the defense in the SCOC.
On December 15, 2023, defense counsel sent a second letter to the People stating that the SFST must exist elsewhere and that the People must exercise due diligence and make good faith efforts to ascertain where Sgt. Aubry's SFST certificate is kept and turn it over to the defense.
The letter also said that the statement of facts and opinions of the expert witness were "insufficient and conclusory."
By a 2nd SCOC, dated December 18, 2023, the People advised the defense that the TPD had just told the People that Sgt. Aubry's SFST, dated June 9 — June 11, 1998, was in Sgt. Aubry's personal possession and the People turned it over to the defense on that same date via the Westchester County District Attorney' office discovery portal.
The People did not respond to the defendant's assertion that the facts and opinions of the expert witness were insufficient and conclusory.
The defendant did not pursue the simulator solution for the breath test device or the arrest log and detention.
Although Sgt. Aubry's SFST was deemed to be with the People, it existed actually neither with the prosecution nor the TPD, but rather in the personal possession of the officer. When the prosecutor learned through reasonable good faith efforts that it was with the officer, he promptly turned it over to the defense the same day. Ideally, it would have been located earlier, but the law does not require perfection and, considering all the material that the prosecutor did turn over to the defense, one certification that was researched with due diligence is insufficient to warrant the dismissal that the defense requests.
As for the objection that the facts and opinions statement, a part of the report for the expert, was insufficient and conclusory, the objection is itself conclusory. It does not state what was missing or what further was desired. The better practice would be to discuss this between the parties. This was the only instance in the discovery process that something was lacking due to inadvertence and was addressed soon after. It, too, is something that does not warrant dismissal. The purpose of the new discovery rules was to encourage due diligence, cooperation and production of documents, not dismissal of cases.
On March 28, 2024, the People submitted a 3rd SCOC containing, among other things, a NDI covering Sgt. Aubry's Law Employment Disciplinary Records and Independent Information (LEDR and J) which stated that [a]t the time of the previous Certificate and Supplemental Certificate(s) of Compliance, this information was not in the possession of the Westchester County District Attorney's Office. It explained that "[i]n light of People v. Hamizone, 2023 NY Slip (Op. 23233, Appellate Term, Second Department (July 13, 2023)
"and its application in some of the local courts within our jurisdiction, the People, through due diligence and good faith efforts, ascertained the extreme of and obtained this newly disclosed material or information."
In the Affirmation in Opposition of ADA Allen, dated April 2, 2024, p. 11, ADA Allen stated "(u)pon information and belief, those disciplinary records/independent materials are unrelated to the case at bar." Nothing in the record is contrary to that statement. He turned those records and impeachment information to the defense on March 27, 2024. Ibid. The People also stated that they sent new Police 1K forms for police witnesses which did not exist at the time the COC and SCOCs were filed, but "[t]he newly disclosed forms [did] not contain any new or additional 1K information that had not been previously disclosed to the defense." Id. at 11-12.
By Reply Affirmation of Victoria Broderick, Esq. in Further Support of the Omnibus Motion, dated April 8, 2024, the defense contends that the People failed to disclose discoverable law enforcement material pursuant to CPL Section 245.20 (1)(k), p. 2, when, for the first time, it disclosed them on March 27, 2024. Ibid.
The cases decisive of this question are People v. McCarty, 221 AD3d 1360, 1362 3rd Dept. (2023) and People v. Johnson, 218 AD3d 1347, 1350, 4th Dept. (2023) which both hold that a defendant is not automatically entitled to the entirety of a police officer's personnel file as impeaching material under CPL 245.20 (1)(k)(iv), but rather only to the extent that the information is related to the subject of the case; CPL 245.20 (1), not shown in this action. Both cases are binding on this Court.
For the reasons stated above, the defendant's motion to dismiss is denied.

Defendant's Motion For Suppression of Testimony; Huntley
The defendant moves to suppress testimony regarding any statements made by Mr. Goldman for which a CPL §710.30(1) was given. The Court grants a Huntley hearing regarding the defendant's statements subject to CPL §710.30. The hearing will be held on Tuesday, June 4, 2024 after the calendar call of 9:30 a.m.
Defendant's Motion For Preclusion of Statement; Identification Testimony
The defendant also moves to preclude the People from introducing evidence of any statement or identification testimony at trial for which proper and timely notice has not been given pursuant to CPL §710.30(3). The Court grants a hearing regarding non-included CPL §710.30 statements. The Court grants a hearing regarding non-incidental CPL §710.30 statements. The hearing will be held on Tuesday, June 4, 2024 after the calendar call of 9:30 a.m.

Defendant's Motion For Dismissal of Charge; Refusal to Submit to Breath Test
The defendant moves to dismiss the charge of VTL §1194(1)(b), refusal to submit to a breath test. The motion to dismiss that charge is granted based on the binding precedents of People v. Adams, 201 AD3d 1311-2, 4th Dept. (2022) and People v. Bembry, 199 AD3d 1340, 4th Dept. (2021) which held that refusing the breath test mandated by VTL §1194(1)(b) is not a cognizable offense for which a person may be charged or convicted in a criminal court.

Defendant's Motion For Suppression of Testimony and Evidence; Mapp/Dunaway
Finally, the defendant moves to suppress testimony and evidence obtained or discovered subsequent to Mr. Goldman's alleged unlawful arrest, including but not limited to any and all chemical tests, video recordings of any kind, photographs, and police observations of Mr. Goldman. The Court grants Mr. Goldman a Mapp (where evidence seized was in violation of the Fourth Amendment) — Dunaway (probable cause for the arrest) hearing. The Mapp-Dunaway hearing will be held on Tuesday, June 4, 2024, after the calendar call of 9:30 a.m.
The foregoing constitutes the opinion, decision and order of this Court.
Dated: May 7, 2024
David Otis Fuller, Jr.
Tuckahoe Village Justice